(Licking Common Pleas, Jan'y Term, 1898.)

CHAS. ROE v. SAMUEL M. HUNTER ADMR.

*On claims not filed within a year no costs, can be recovered—*

In an action against an administrator on a claim for services rendered to deceased in his last sickness, which was not filed with the administrator, and demanded within a year after he qualified, no costs can be recovered.

JONES, J.

This case is submitted to the court upon a question of costs. The action is brought against Samuel M. Hunter, as administrator of George Roe, deceased, on a claim of $120. A verdict was rendered in favor of the plaintiff for $100, and a motion for a new trial made and overruled. It is not claimed by the defendant that no recovery for costs can be had under sec. 6106, Rev. Stat. I might say that this case was brought against the administrator on a claim for services rendered to George Roe in his last sickness. The claim was not filed with the administrator and demanded within a year after he qualified.

Section 6106, Rev. Stat., is as follows: "In suits for the recovery of money only, or of specific personal property against the estate, in which no provision is made herein in relation to costs, no costs shall be recovered against the executor or administrator, to be levied of his property or of the property of the deceased, unless it appear that the demand on which the action was founded was presented within one year after his giving bond for the discharge of his trust, that its payment was unreasonably resisted or neglected, or that the defendant refused to refer the same, pursuant to the preceding provisions."

No provision is made in the settlement of estates for the payment of costs in such cases as this. Of course, the code provides generally, that where suit is brought for the recovery of money only, and the plaintiff recovers, that the plaintiff will be entitled to a judgment for costs, as of course. Now, this section provides that "no costs shall be recovered against the executor or administrator, to be levied of his property or of the property of the deceased." That settles the matter of costs in this case. But then the question is, what does "recovery of costs" mean? I suppose the recovery of costs is a judgment in

favor of one party against the other for his costs; and, that being the case, the plaintiff in this case can have no judgment for costs against the defendant.

The result of that is, that each party shall pay his own costs, and the order will be so made.

*J. B. Jones,* for Plaintiff.

*S. M. Hunter,* for Defendant.

---

(Superior Court of Cincinnati, 1899.)

KEUHTER v. TEMMEN ET AL.

*Creditor acquiring interest by garnishment may enter superior court in litigation affecting such interest—*

A creditor, who by garnishment in common pleas court acquires an interest in moneys, credits or choses in action which are being litigated in the superior court of Cincinnati, is entitled to come into the case in the latter court and protect his rights therein.

DEMPSEY, J.

Werner, by his garnishment in the common pleas, acquired an interest, by way of assignment, in whatever moneys, credits or choses in action might be due from the Temmens, executors herein, to Kuehter. Kuehter is litigating in this court those claims; Werner is certainly entitled to come in and protect his rights in those claims.

Motion of Temmen, etc., overruled.

*O'Hara & Jordan,* for the Motion.

*R. E. Werner,* contra.

---

(Holmes County Common Pleas, 1899.)

PROSECUTING ATTORNEY v. G. W. SPENCER.

*Suit to recover county funds illegally drawn—*

The prosecuting attorney has authority without consent of county commissioners to bring suit to recover money illegally drawn by county officers.

MAXWELL, J.

Mode of collecting the amounts found to have been illegally drawn by county officers, as shown by the examiners sent out by the state auditor.

It has been a question whether the prosecuting attorney or county commissioners are to bring the suit. Suit was brought by the prosecutor in his own name on behalf of the county against G. W. Spencer, ex-county commissioner, for the amount found against him in the Musser report. Held, that the prosecutor is authorized to bring the suit at his will and pleasure, without first getting the authority from the commissioners.