(63 Misc. Rep. 502.)

In re TURRELL.

(Supreme Court, Special Term, Erie County.    January, 1909.)

1. DRAINS (§ 82*)—DRAINAGE ASSESSMENTS—APPEAL—SCOPE OF REVIEW.

Under the drainage act (Laws 1869, p. 2223, c. 888), providing for the levy of assessments after notice and hearing, and declaring that any person deeming himself aggrieved may appeal from the decision of the commissioners to the court in which such proceedings were instituted or are pending for the correction of such assessment, the hearing on appeal is confined to the consideration of the making and correctness of the assessment, and cannot go back of them to determine whether the prior proceedings were regular.

[Ed. Note.—For other cases, see Drains, Cent. Dig. §§ 83–87; Dec. Dig. § 82.*]

2. DRAINS (§ 82*)—ASSESSMENTS—REVIEW.

On appeal from a drainage assessment, the determination of the total amount to be raised, whether the commissioners have included illegitimate

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

expenses; their determination as to the portion of the expense to be borne by a town, village, or county, and the justice of an assessment against a given parcel as to whether it has been benefited at all, or the extent of the benefit, may be reviewed.

[Ed. Note.—For other cases, see Drains, Dec. Dig. § 82.*]

3. DRAINS (§ 68*)—ASSESSMENTS—"EXPENSES"—ATTORNEY'S FEES.

Fees for the services of attorneys and counsel to drainage commissioners in drafting necessary legal papers and counseling them of the manner of properly discharging their duties in constructing drains under the drainage law constituted "expenses," which the commissioners were entitled to include in an assessment on property benefited.

[Ed. Note.—For other cases, see Drains, Dec. Dig. § 68.*

For other definitions, see Words and Phrases, vol. 3, pp. 2590–2593; vol.' 8, p. 7657.]

4. DRAINS (§ 82*)—DRAINAGE ASSESSMENTS—APPEAL—HEARING.

Under Drainage Law (Laws 1869, p. 2227, c. 888) § 10, providing that on the perfecting of an appeal from a drainage assessment, and its presentation to the court, the court shall proceed without further delay than such as is necessary to give proper notice to the parties interested to hear and finally determine the appeal, the parties are entitled on such appeal to take testimony, and have the commissioners' determination reviewed thereon.

[Ed. Note.—For other cases, see Drains, Dec. Dig. § 82.*]

Petition by Peter P. Turrell for the drainage of certain lands in the town of Royalton. From an assessment levied against the land of Warren E. Hunt, he appeals. Case continued for hearing.

W. H. Paxon, for appellant.

George F. Thompson, for commissioners.

WHEELER, J. These proceedings were instituted under the statute relating to proceedings for the drainage of swamps, marshes, and other low or wet lands, and for draining town lands, and have proceeded to an assessment of the lands claimed to be benefited by the drainage ditch, as directed by section 10 of the act in question (Laws 1869, p. 2227, c. 888). This section provides for an appeal to the court by an aggrieved party, and an appeal was taken by Warren E. Hunt whose land is assessed; and, in accordance with the statute, he has stated the following grounds of appeal:

"First. Said appeal is taken upon the ground that the proceedings heretofore had and taken herein are illegal and void, and that the commissioners had no jurisdiction to construct said ditches or drains, and the assessment is made without the jurisdiction upon the part of said commissioners to make a legal and valid assessment upon the lands of this appellant for the payment of the cost and expense of constructing said ditch.

"Second. That the petition fails to describe the lands proposed to be drained.

"Third. That, as appears by the affidavits of service filed herein, the notice of the first meeting of the commissioners to view the premises and take testimony was not given as required by law and by the resolution of said commissioners.

"Fourth. That, in fact, no notice of the first meeting of the commissioners to view the lands and take testimony was ever given to the appellant, and that said appellant had no notice of any part of said proceedings until the service of the notice of assessment upon him on December 1, 1908, and had

no knowledge of the pendency of this proceeding, or of the construction of said ditch or ditches, until said date, as appears by the affidavit of said appellant hereto annexed, and that the said ditch or ditches did not extend into the lands of the appellant.

"Fifth. That at the time of viewing the lands and taking the testimony herein, and at the time of making the determination herein, no proof of the service of the notice of the first meeting of the commissioners to view the lands and take testimony was or had been made.

"Sixth. That no map showing all the lands that are proposed to be drained, the number of acres in each separate tract to be benefited by such drainage, the names of the owners or occupants thereof so far as can with due diligence be ascertained and the relative levels of each tract, and the width, depth, slope of sides, shape, and course of such ditch or ditches or channels for the passage of water, as they shall determine to be necessary for the drainage of such lands, as required by law was ever made, certified by said commissioners, and filed in the office of each county clerk in which their determination is required by law to be filed.

"Seventh. That the construction of the ditch known as 'Lateral No. 4,' and which is the only portion of said system of ditches constructed in this proceeding which could in any way benefit the lands of this appellant, was unnecessary to drain the lands described, in the petition, or in the testimony taken by the commissioners, as appears by the testimony filed herein.

"Eighth. That there is nothing in the petition or the testimony taken before the commissioners, or in the map filed herein, or in the resolution adopted by the commissioners, showing the necessity of a ditch or drain, or in the determination made and filed by the commissioners herein, or anywhere in these proceedings which in any way shows any necessity for the construction of the ditch known as 'Lateral No. 4' either for drainage purposes or for the benefit of the public health.

"Ninth. That the petition herein did not ask for the construction of any lateral branches, and did not ask for the construction of the ditch known as 'Lateral No. 4' for the benefit of the public health, nor for the drainage of the lands or any of them through which said 'Lateral No. 4' is constructed; and said petition and said determination of said commissioners that the land described in the said petition should be drained did not contemplate the construction of 'Lateral No. 4.'

"Tenth. That no notice of the filing of the determination of the commissioners was ever given as required by law and the resolution of the commissioners.

"Eleventh. That no bond approved as required by law was ever filed by the treasurer of the commissioners.

"Twelfth. That the statement of the moneys collected or received and disbursed by said commissioners and filed herein December 1, 1908, has ever been presented to the Supreme Court for examination and audit as required by law.

"Thirteenth. That the statement of moneys collected or received and disbursed by said commissioners shows upon its face that moneys were expended for illegal purposes and for purposes not authorized by law.

"Fourteenth. That as appears by the statement of expenditures for which this assessment is made, and which statement is referred to in the notice of assessment served on appellant, large sums of money for which appellant was assessed were disbursed by the commissioners for illegal purposes, and for purposes not authorized by any provision of law under which this proceeding is taken.

"Fifteenth. That the lands of appellant assessed herein are not benefited either directly or indirectly by the construction of the ditch or ditches constructed under this proceeding.

"Sixteenth. That the assessment made upon the lands of the appellant is not made in proportion to the amount of benefit said lands receive from the construction of said ditch or ditches.

"Seventeenth. That said commissioners have in making said assessment divided the lands assessed into three classes, and have devied a different amount per acre upon each of said classes, and there is no description in said

assessment or in said proceedings or of record showing which of said lands assessed are contained in the several classes respectively.

"Eighteenth. That the testimony purporting to have been taken herein is not signed by the purported witnesses.

"Nineteenth. That said commissioners have not procured or obtained permanent easements or rights of way for the construction and maintenance of said ditch or ditches.

"Twentieth. That the rule of assessment adopted by said commissioners, and set forth in the notice of assessment, was erroneous, and not in proportion to the benefits received by the several parcels of land assessed for said ditch or ditches.

"Twenty-First. That said assessment upon the lands of the appellant is illegal and void."

The question is presented at the very outset as to what questions may be reviewed on a hearing of this appeal. Can this court on this appeal inquire into the regularity and validity of the prior proceedings involving the appointment of the commissioners and the various steps taken by them leading up to the making of the assessment in question; or is the court confined to an inquiry into the fairness and correctness of the assessment itself? Section 10 of the act provides that as soon as the "costs, expenses, land damages, and compensation, hereinafter provided for, can be determined, make a complete and detailed statement thereof, including all the claims of said commissioners, which statement shall be duly verified by said commissioners or by a majority of them." In this way the total cost and amount to be assessed is stated. The section then gives direction in reference to the general division of the assessment, a portion of which may in certain cases be assessed to and paid by incorporated villages or towns or county in which the land is situated; and declares that:

"The remainder, or in case they shall determine that no portion of said sum shall be paid by said village or villages, town, or towns, or county, then all of said sum shall be apportioned among the several owners or occupants of such of the lands included in the said map or adjacent thereto, as they shall deem to be directly benefited by said drainage, in proportion to the amount of benefit which each receives therefrom."

The statute further declares the amounts so assessed shall constitute liens on the respective tracts assessed. The commissioners shall then file their determination, and give notice, written or printed, "to each person whose lands are assessed by them," which notice shall "state the time and place of filing such statement and determination."

The same section also provides that:

"Any person deeming himself aggrieved thereby, or any such officer deeming his village or town or county aggrieved, may appeal from the decision of the said commissioners to the court in which such proceedings were instituted or are pending, for the correction of such assessment;" provided he appeals within 10 days, and within 10 days after such notice "make a full statement of the grounds of his appeal setting forth the points on which he feels aggrieved by the determination of said commissioners, and file a certified copy thereof in the office of the clerk of the county in which said lands, or a portion thereof affected by said proceedings, are situated, and present the said statement to the court, and the court shall thereupon proceed without further delay than is necessary, to give proper notice to the parties interested to hear and finally determine the appeal."

It is quite evident to us that the court upon the hearing of the appeal is confined to the consideration of questions relating to the mak-

ing of the assessment itself, and cannot go back of them for the purpose of determining whether the prior proceedings are regular and valid. The appeal is "for the correction of such assessment," not for the purpose of vacating the assessment, or obtaining a decision of the. court that the commissioners had no authority or jurisdiction to make. any assessment whatever. Such questions should be reviewed in some other manner then by an appeal from the assessment. The determination of the total amount to be raised by assessment we think is properly the subject of review on such an appeal, and the court can doubtless determine that the commissioners have included in the total amount of the assessment items which are not legitimate expenses of the proceeding. It was for this purpose beyond question that the statute required the filing by the commissioners of an itemized statement of the costs and expenses of the proceeding, so that any person affected thereby might know for what he is sought to be taxed, and, if illegal items were included in the statement, object to them on appeal in that way, have them stricken from the total cost.

For the same reasons, the court can doubtless review the determination of the commissioners as to the portion, if any, to be borne by any town, village, or county, and also the question of the fairness and justice of an assessment against a given parcel, as to whether it has been benefited at all, or the extent of such benefit. Doubtless the court should and will pay proper respect to the judgment of the commissioners in those matters, and will not be disposed to disturb their determination on those questions unless it should be made to appear that the commissioners were radically wrong and had proceeded upon erroneous principles. Beyond these things, we do not think it was intended by the framers of the statute that the court should go in reviewing the proceedings on an appeal from an assessment. In disposing of this appeal, we shall address ourselves to the objections falling within these general lines, and refuse to pass upon those relating to the regularity of the proceedings outside of the making of the assessment.

It is contended in this case that the commissioners had no power to incur any expenses for legal services to them, and that the expenditure of some $1,582.16 for legal expenses in the proceeding should not be allowed. The commissioners are appointed on the petition and initiative of some one owner of wet or swamp land who is desirous of having his land drained. After their appointment, they proceed to a personal view of the lands, and determine two questions: (1) Whether it is necessary in order to drain such lands that a ditch or ditches or other channels for the free passage of water shall be opened through lands belonging to others than the petitioner; and also whether it is necessary for the public health that such lands be drained. Having determined those questions affirmatively, they then proceed to perform ministerial duties in constructing the drainage in accordance with the statute, and to take such actions and proceedings incident thereto as the statute points out. This involves the proper drafting and filing of their determination, the giving of notice of such filing to all concerned, the drafting and publication of such notice, and mailing of the notice to each person interested, the defending of an appeal from such.

determination if one be taken, the causing of an accurate survey of all lands to be made, the preparation of a map thereof, the designation of the owners and occupants of the lands, the institution of proceedings to obtain the consent and approval of the court to borrow money, the acquisition of rights of way for the ditch or channel, and, in the event of their inability to agree with owners, the institution and conduct of condemnation proceedings to acquire title for rights of way, the making and spreading of the assessment, and the conduct and defense of their proceedings upon appeals from assessments, and various other matters necessarily incident to the proper conduct of their proceedings to a final close. The statute nowhere in express terms provides or authorizes the employment of legal counsel and attorneys to advise and assist the commissioners in the discharge of their duties, but it must be manifest that such a commission must be in constant need of the service of competent lawyers to assist them in drafting the necessary legal papers and counseling the commissioners as to the manner of properly discharging the duties imposed upon them. We think the compensation for services of such attorneys and counsel is one of the necessary "expenses" of the proceeding, and may properly enter into the cost of draining the lands, and be paid for by the assessment upon the lands benefited. The power to do the things intrusted to the commissioners implies the power to employ the necessary attorneys to do the work properly, just as much as it implies the power to contract or employ men to dig the ditch itself. We think this view is fully sustained in the case of Mayor of N. Y. v. Sands, 105 N. Y. 210, 218, 11 N. E. 820, 823, where the court lays down this broad doctrine, to wit:

"It is a well-established principle that statutes containing grants of power shall be construed so as to include the authority to do all things necessary to accomplish the object of the grant, and to enable the donee of the power to effect the purpose of the act."

See, also, Armstrong v. Village of Fort Edwards, 159 N. Y. 315, 53 N. E. 1116; Gould v. Board of Education, 34 Hun, 16; Clute v. Robison, 38 Hun, 283. The right of commissioners to employ legal counsel was raised on an appeal in a proceeding of this nature and affirmed in the Matter of Hall, 125 App. Div. 898, 109 N. Y. Supp. 1131, which, however, is a case decided by the Appellate Division without opinion.

It only remains for the court, therefore, to consider the method of proceeding to review the appeal here taken. Section 10 of the statute provides that, on the perfecting of the appeal from an assessment and its presentation to the court, "the court shall thereupon proceed without further delay than such as is necessary to give proper notice to the parties interested, to hear and finally determine the appeal." It appears to be the practice upon such appeals to take testimony and thereby review the determination of the commissioners. Matter of the Drainage of Certain Lands in the Town of Gates, 55 Hun, 604, 8 N. Y. Supp. 247. The applicant asks for the right here, and he appears to be entitled to it.

Let the form of the order in this case and its details be settled by the court on notice to the attorneys appearing on the hearing.