## STATE ex rel. WAMMACK & WELBORN, Appellants, v. C. A. AFFOLDER, Respondent.*

Springfield Court of Appeals, January 7, 1924.

1. **HIGHWAYS: Fees of Attorneys Held Part of Cost Payable from Bond Issue.** A fee for legal services in connection with a township road bond issue, authorized at an election ordered by the county court, under Revised Statute 1919, section 10748, is a part of the cost of holding the election and constructing or improving the roads, and payable from the proceeds of the bond issue under section 10750.

2. ————: **Act Requiring Treasurer to Disburse Proceeds of Bonds on Order of County Court Construed as Exception to Earlier Act.** Section 10750, Revised Statutes 1919, providing that the proceeds of road bonds shall be paid over to the township treasurer and by him disbursed on the order of the county court, being a much later statute than Section 13204, which prohibits township treasurer from paying out township moneys except on order of township board, applies to a particular subject and should be construed as an exception to the general and prior section 13204.

3. **COUNTIES: County Court May Employ Other Attorneys Than Prosecuting Attorney to Advise it as to Township Bond Issue.** Neither Revised Statutes 1910, sections 736, 738, prescribing generally the duties of the prosecuting attorney, the Act of 1017, the Special Road District Acts, nor Township Organization Act, section 13164 et seq., Revised Statutes 1919, makes it the duty of the prosecuting attorney to advise the county court as to such bond issues, so as to prevent it from employing other attorneys for such purposes, as authorized by sections 13169, 13170.

*Headnote 1. Highways, 29 C. J. section 285 (1925 Anno.); 2. Highways, 29 C. J. section 285 (1925 Anno.); 3. Counties, 15 C. J. section 239.

Appeal from Stoddard County Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED AND REMANDED (*with directions*). ·

*Wammack & Welborn pro se.*

(a) Where a power is given a statute to the county court, everything necessary to making it effectual is given by implication. State ex rel. Bybee v. Hackmann, 276 Mo. 116; Sheidley v. Linch, 95 Mo. 487.; Walker v. Linn County, 72 Mo. 650; Gasconade County, etc., v. Sanders, etc., 49 Mo. 192; Hannibal, etc., Ry. v. Marion County, 36 Mo. 303. (b) Sections 10748, 10749 and 10750, placed upon the county court the entire burden of getting up the record for the holding of the election and for the issuance of these road bonds, amounting in this case to $80,000. Probably no person of business judgment would contend that in this work it would not be necessary for the county court to have assistance of attorneys. R. S. 1919, sections 10748, 10749 and 10750; Hardwick v. Wymore, 235 S. W. 171. (c) The money derived from the sale of these road bonds was to be paid out upon the order of the county court. This is governed by section 10750, R. S. 1919, which is a particular statute relating to this particular fund and not by section 13204 which is a general statute relating to general township moneys. Section 10750 and 13204, R. S. 1919; Camp v. Railway Company, 94 Mo. App. 280; Poor v. Watson, 92 Mo. App. 89; Ruschenburg v. Railroad, 161 Mo. 85; Hurlburt v. Bush, 284 Mo. 405; St. Louis v. Transfer Company, 256 Mo. 489. (d) The warrant issued to relators was in effect a promissory note to be paid by respondent out of the funds in his hands on which it was drawn. Steffen v. Long, 165 Mo. App. 258; Bank v. Franklin County, 65 Mo. 105. (e) When a warrant is issued by the county court acting within the scope of its authority and directed to the proper officer, the payment thereof by such officer is a purely ministerial duty, and he has no discretion in the matter. If he has in his hands, sufficient funds belonging to the fund against which it is drawn, he must pay the

same. And if he refuses payment, he can be compelled to make such payment by the writ of mandamus. State ex rel. v. Adams, 161 Mo. 348; State ex rel. v. Roach, 190 S. W. 278; State ex rel. v. Williams, 232 Mo. 56; State ex rel. v. Nerry, 105 Mo. App. 458; State ex rel. v. Hill, 272 Mo. 209.

*George Munger* for respondent. ·

(a) County courts, being courts of limited jurisdiction, can do only what the law prescribes or the facts make it imperative to do in order to accomplish the end specifically prescribed by law. Sheidley v. Lynd, 95 Mo. 498. (b) The statute nowhere specifically authorizes the county court to employ special counsel in this case and the facts did not necessitate such action inasmuch as it was the duty of the prosecuting attorney to do, without charge, all the things for which this suit seeks to enforce payment. Sections 738 and 741, R. S. 1919. (c) "Township Organization" is accomplished under a special act. Chapter 121, R. S. 1919. (d) Being a special act, in construing it, its provisions must be given preference over other statutes not specifically made a part of the scheme. Roth v. Gabbert, 123 Mo. App. 32; Darth v. Bagley, 110 Mo. App. 54.

· BRADLEY, J.—Ralph Wammack and A. T. Welborn, attorneys, under the firm name of Wammack & Welborn brought this cause in mandamus to compel the township treasurer of Duck Creek township in Stoddard county to honor an order upon him given by the county court wherein he was directed to pay to said Wammack and Welborn $160 out of any funds in his hands derived from the sale of certain road bonds. The alternative writ was issued, but on hearing the writ was quashed, and relators' cause of action dismissed and they appealed.

We will refer to the parties as plaintiffs and defendant. Stoddard county is under township organization.

Duck Creek township desired to vote township road bonds under sections 10748 et seq., Revised Statues 1919, Laws 1917, p. 472, section 88 et seq. The county court employed plaintiffs to look after the legal phases of this bond issue, and they rendered satisfactory service. They advised as to all steps, and prepared all orders, and on the record made $80,000 in road bonds were issued and sold, and the proceeds turned over to the treasurer of Duck Creek township. The county court issued a warrant on said treasurer to pay plaintiffs $160 for their services, and he declined to honor this warrant.

The judgment quashing the alternative writ and dismissing plaintiffs' cause is sought to be upheld on three grounds: First, that fees for such services as were rendered by plaintiffs cannot be construed to be a part of the costs of holding the township road bond election or the cost of constructing or improving roads, as the term *cost* is used in section 10750, Revised Statutes 1919; second, that since Stoddard county is under township organization, defendant is prohibited by section 13204, Revised Statutes 1919, from paying the warrant; third, that it was the duty of the prosecuting attorney to advise the county court as to the necessary steps leading to the sale of the township road bonds in this case, and that such being true, the county court could not lawfully employ plaintiffs, and that such attempted employment was void, and as a consequence plaintiffs have no standing and cannot maintain this cause.

The learned trial court based his conclusion on the first ground mentioned. In the finding it is stated: "In this case the court finds that the warrant was issued by the county court for the purpose of paying the fees of attorneys for assisting in a bond issue under sections 88 to 92, Laws of Missouri for 1917, pages 472 to 474, and I find as a matter of law that such an attorney fee is not a part of the costs of holding the election provided for by said sections, and is not a part of the costs of constructing or improving roads in said township, includ-

ing bridges and culverts, and that therefore, the county court had no authority to direct the payment of said attorneys fee out of the proceeds of the sale of the bonds issued under said sections."

The proceedings touching the bond issue were commenced in January, 1920. Section 10748, Revised Statutes 1919, provides that whenever twenty legal voters of any township shall file with the clerk of the county court a petition asking that bonds for road purposes be issued for such township, it shall be the duty of the county court to order an election to be held in such township upon the question of issuing bonds. Then follows directions as to the election, ballots, etc. Section 10750, Revised Statutes 1919, provides that the county court shall sell said bonds to the best advantage and the proceeds shall be paid over to the treasurer of the township, and be by him disbursed on the order of the county court in payment of the cost of holding said election and in paying the cost of constructing or improving roads in such township. We do not find any precedent in our own State which is of much value in the solution of the question here presented. In the case of In re Turrell, 117 N. Y. Supp. 764, it was held that fees for the services of attorneys to drainage commissioners in drafting necessary legal papers, and advising in the discharge of their duties in constructing drains under the drainage law constituted expenses which the commissioners were entitled to conclude in an assessment on property benefitted. Following the reasoning in that case we hold that the fee earned by plaintiffs falls within the scope of the meaning of the term *cost* as used in section 10750 Revised Statutes 1919.

Does section 13204, Revised Statutes 1919, prohibit defendant from paying the warrant? This section reads: "The township trustee and *ex officio* treasurer shall not pay out any moneys belonging to the township for any purpose whatever, except upon the order of the township board, and attested by the township clerk." This

section was enacted in 1879, Laws 1879, p. 225, when the township organization act was passed, and has come down without substantial change. Section 10750, Revised Statutes 1919, was passed in 1917, Laws 1917, p. 473, and provides among other things as stated, supra, that the proceeds of the bonds shall be paid over to the township treasurer and by him disbursed on the order of the county court, etc. In State ex inf. Major v. Amick, 247 Mo. 1. c. 292, 152 S. W. 591, the court said: ''Where there are two acts and the provisions of one apply specially to a particular subject, which clearly includes the matter in question, and the other general in its terms, and such that if standing alone it would include the same matter and thus conflict with each other, then the former act must be taken as constituting an exception to the latter or general act.''

This rule of construction has been invoked many times, and is applicable here. Since section 10750 is a much later statute than is section 13204, and since section 10750 applies to a particular subject, and since section 13204 is general in its application, we hold that section 10750 on the point in question should be construed as an exception to the general and prior section 13204.

Was it the duty of the prosecuting attorney to render the services which plaintiffs rendered? Sections 736 and 738 prescribe generally the duties of the prosecuting attorney. There is nothing in these sections which may be said to place upon the prosecuting attorney the duty of looking after this bond issue. There are other sections prescribing duties in particular cases, but the sections, supra, cover the field generally. The bond issue of Duck Creek township was not a matter of county wide concern. It was a matter that affected that township only. The Act of 1917 provided that in a township bond issue thereunder the county court shall act for the township. The only recognition of township organization is that the act provides in section 10750 that the proceeds of the bond sale be turned over ''to the treasurer of the district or the county or township as the case may

be." In the reference quoted and in section 10748 it will be seen that not only was township organization taken into account, but also special road districts organized under sections 10800 et seq. and secs 10833 et seq., Revised Statutes 1919. Neither the act of 1917, nor the special road district acts, makes it the duty of the prosecuting attorney to advise or render service. There is nothing in the Township Organization Act, section 13164 et seq. Revised Statutes 1919, which makes it the duty of the prosecuting attorney to render the service rendered here by plaintiffs. The county court in the matters pertaining to the bond issue mentioned in this record was acting for Duck Creek township, and had the same authority in the premises as would the township have had, had the duty here placed upon the county court been placed upon the township board. Section 13169, Revised Statutes 1919, sets out the general powers of townships under township organization, and among them is that it shall have power to make such contracts as may be necessary to the exercise of its corporate or administrative powers. Section 13170 provides that no township shall possess any corporate powers, except such as are enumerated or granted by statute, or that "shall be necessary to the exercise of powers so enumerated or granted." By the act of 1917 Duck Creek township was granted the power to vote the bonds mentioned in this record. The county court in that instance by direction of the statute acted for the township instead of the township board which usually acts for it. It stands conceded that it was necessary that some attorney render the services which plaintiffs rendered. The conclusion, therefore, is that the county court had the power, acting for the township, to employ plaintiffs. Since there is no statute directing generally that the prosecuting attorney shall act for the township in counties under township organization, it is our conclusion that it was not the official duty of the prosecuting attorney to render the services which plaintiffs rendered.

The regularity of plaintiffs' employment, aside from the phases discussed, is mentioned in defendant's brief, but we have disposed of all points briefed, and will not go into matters not briefed nor given more consideration than a mere mention.

The judgment below should be reversed and the cause remanded with directions to· set aside the order quashing the alternative writ and dismissing plaintiffs' cause of action, and to reinstate the cause of action and enter an order making the alternative writ peremptory, and it is so ordered. *Cox, P. J.,* and *Farrington, J.,* concur.