STATE EX REL. ST. FERDINAND SEWER DISTRICT OF ST. LOUIS COUNTY, a Corporation et al., Relators, v. ROBERT W. McELHINNEY, Judge of the Circuit Court of St. Louis County.

STATE EX REL. OVERLAND SEWER DISTRICT OF ST. LOUIS COUNTY, a Corporation et al., Relators, v. FRED E. MUELLER, Judge of the Circuit Court of St. Louis County.

STATE EX REL. CENTRAL SEWER DISTRICT OF ST. LOUIS COUNTY, a Corporation et al., Relators, v. ROBERT W. McELHINNEY, Judge of the Circuit Court of St. Louis County.

STATE EX REL. LEMAY FERRY SEWER DISTRICT OF ST. LOUIS COUNTY, a Corporation et al., Relators, v. ROBERT W. McELHINNEY, Judge of the Circuit Court of St. Louis County.

STATE EX REL. WELLSTON SEWER DISTRICT OF ST. LOUIS COUNTY, a Corporation et al., Relators, v. FRED E. MUELLER, Judge of the Circuit Court of St. Louis County.—52 S. W. (2d) 400.

Court en Banc, July 7, 1932.

*Sidman & Fulbright, Kurt Von Reppert, John Haley, Herbert E. Bryant, Jourdon & English, Charles Claflin Allen, Jr.,* and *Chauncey H. Clarke* for relators.

*Chas. M. Hay, John E. Mooney, Orla M. Hill, George Barnett, Thos. P. Moore* and *Eliot, Blayney & Bedal* for respondents.

HENWOOD, J.—The five above entitled proceedings are original proceedings in prohibition which involve the same issues. They were consolidated for the purposes of briefs and oral arguments and may be disposed of in one opinion.

On January 14, 1932, five injunction suits were filed in the Circuit Court of St. Louis County, in the name of the State of Missouri, at the relation of Harry W. Castlen, prosecuting attorney of St. Louis County, wherein five incorporated sewer districts of St. Louis County, respectively, and the supervisors of said sewer districts, respectively, and certain investment companies, and the Collector of Revenue of St. Louis County, are named as defendants. In the petitions in said injunction suits it is alleged, in substance, that the supervisors of said sewer districts entered into illegal contracts with certain investment companies concerning the operation, management and control of said sewer districts, and with engineers and lawyers for professional services, and with others for general purposes, and issued illegal tax warrants in pursuance of said illegal contracts, and made illegal levies of taxes against lands situate in said sewer districts, and are using the funds derived from said illegal levies of taxes to pay said illegal tax warrants; and it is prayed that the supervisors of said sewer districts be required to make true accountings of all funds and obligations of said sewer districts, and of the purposes for which said funds are to be used; that the court declare said levies of taxes illegal and void, and decree that said levies of taxes do not impose liens upon lands situate in said sewer districts; that the supervisors of said sewer districts and the Collector of Revenue of St. Louis County be enjoined from taking any steps to enforce the payment of said taxes; that said collector be enjoined from turning over to the super-

visors of said sewer districts or their representatives any funds received by him in payment of said taxes, and be required to hold all funds so received by him to the use of the payers of said taxes; that the supervisors of said sewer districts be enjoined from paying out any funds received by them from the collection of said taxes; that orders be issued forthwith requiring defendants to show cause why temporary restraining orders should ·not be issued as prayed; that temporary restraining orders be issued forthwith for the purpose of restraining defendants as prayed pending hearings on the orders to show cause; and that the court make such further orders as may seem meet and proper.

On January 15, 1932, the next day after said injunction suits were filed, the circuit court issued orders in said suits requiring defendants to show cause, on January 23, 1932, why temporary restraining orders as prayed should not be issued, and, without requiring indemnifying bonds, issued temporary restraining orders, restraining defendants as prayed pending hearings on the orders to show cause. One of said orders to show cause and the temporary restraining order issued in connection therewith read as follows:

"Relator's verified petition is presented and the defendants are ordered to show cause, if any they have, on the 23rd day of January, 1932, at the hour of 9:30 o'clock in the forenoon, why a temporary injunction should not issue as prayed for in relator's petition.

"For good cause shown, defendant, St. Ferdinand Sewer District of St. Louis County, Missouri, and defendants Henry J. Bangert, Walter Reinemer and William S. Campbell, as supervisors of the St. Ferdinand Sewer District of St. Louis County, Missouri, are hereby temporarily enjoined and restrained from expending or paying out any money in their hands, possession, or under their control, or that may hereafter come into their possession or control and arising out of the uniform tax complained of in relator's petition, pending above order to show cause and until further order of this court; and defendant Willis Benson, as collector of the revenue for St. Louis County, Missouri, is hereby temporarily restrained and enjoined from paying over to the defendant St. Ferdinand Sewer District of St. Louis County, Missouri, or to defendants Henry J. Bangert, Walter Reinemer and William S. Campbell, as supervisors thereof, or to any person whomsoever, any money now in his hands or under his control, by reason of the collections of the taxes certified by the St. Ferdinand Sewer District of St. Louis County, Missouri, or the supervisors thereof, pending above order to show cause until further order of this court. Said collector, Willis W. Benson, ordered to deposit all funds now or hereafter collected in a separate bank account of his selection."

On January 22, 1932, said sewer districts and said investment companies, as relators, respectively, in the five above entitled proceedings, applied to this court for writs to prohibit respondent judges of the circuit court from enforcing said temporary restraining orders, and from taking any further cognizance of said injunction suits, and on March 15, 1932, preliminary rules of prohibition in conformity with the applications were issued.

As grounds for prohibition relators contend: That the Prosecuting Attorney of St. Louis County is not authorized to maintain said injunction suits in the name of the State; and that the circuit court is not authorized to issue temporary restraining orders in said suits without requiring indemnifying bonds.

■ That the circuit court has jurisdiction over the class of cases to which said injunction suits belong must be conceded. It must also be conceded that whether the prosecuting attorney is authorized to maintain said suits in the name of the State is not in itself a jurisdictional question, and that its determination here would not furnish a basis for prohibition. [State ex rel. v. Zachritz, 166 Mo. 307, 65 S. W. 999.] ■ However, in determining whether the circuit court is authorized to issue temporary restraining orders in said suits without requiring indemnifying bonds, we will necessarily, though incidentally, determine whether the prosecuting attorney is authorized to maintain said suits in the name of the State.

Section 1507, Revised Statutes 1929, says:

"No injunction, unless on final hearing or judgment, shall issue in any case, *except in suits instituted by the State in its own behalf,* until the plaintiff, or some responsible person for him, shall have executed a bond with sufficient surety or sureties to the other party in such sum as the court or judge shall deem sufficient to secure the amount or other matter to be enjoined, and all damages that may be occasioned by such injunction to the parties enjoined, or to any party interested in the subject-matter of the controversy, conditioned that the plaintiff will abide the decision which shall be made thereon, and pay all sums of money, damages and costs that shall be adjudged against him if the injunction shall be dissolved." (Our italics.)

■ While said injunction suits were instituted by the Prosecuting Attorney of St. Louis County in the name of the State, it appears from the allegations and prayers of the petitions therein that said suits were, in fact, instituted in behalf of the taxpayers in said sewer districts and for the protection of the property rights and interests of said taxpayers. No property right or pecuniary interest of the State would be affected by any decree that could be rendered in said suits, and no condition affecting the safety, health or morals

1070

of the public involved in said suits. True, suits by the State in its own behalf are not limited to those in which its property rights or pecuniary interests are involved, but certainly such suits are limited to those in which public rights or interests, as distinguished from private rights or interests, are involved. So, our conclusion is that said injunction suits are not suits instituted by the State "in its own behalf," within the meaning of the statute above quoted. [In this connection, see State ex rel. v. Williams, 221 Mo. 227, 120 S. W. 740; State ex inf. v. Ry. Co., 176 Mo. 687, 75 S. W. 776.] ■ The statutory requirement of an indemnifying bond as a condition precedent to the issuance of a temporary injunction, "except in suits instituted by the State in its own behalf," is jurisdictional. [State ex rel. v. Williams, supra; State ex rel. v. Westhues (Mo. Sup.), 286 S. W. 882, and cases cited.] Therefore, the temporary restraining orders issued by the circuit court on January 15, 1932, without requiring indemnifying bonds, are void. And, in view of our conclusion that said injunction suits are not suits instituted by the State in its own behalf, we must necessarily, though incidentally, conclude that the prosecuting attorney is not authorized to maintain said suits. "The acts of public officers acting in behalf of the State, within the limits of the authority conferred on them, and in the performance of their duties, are the acts of the State." [Throop on Public Officers, section 21.] "It will not do to say that the prosecuting attorney may *ex officio* properly institute injunction proceedings in behalf of the State, and still be required to give bond. *He has no right to institute the proceeding at all as prosecuting attorney unless he does so in behalf of the State.*" [State ex rel. v. Lamb, 237 Mo. l. c. 453, 141 S. W. l. c. 669, 670.] (Our italics.)

It follows that the preliminary rule of prohibition in each of the above entitled proceedings should be made absolute. It is so ordered. All concur.