STATE OF MISSOURI, to the Use of CONSOLIDATED SCHOOL DISTRICT No. 42 OF SCOTT COUNTY, by D. W. GILMORE, Prosecuting Attorney of Scott County, Missouri, who prosecutes in the name of the State of Missouri for and on Behalf of said CONSOLIDATED SCHOOL DISTRICT No. 42, Respondent, v. ARTHUR POWELL, HENRY CLAYCOMB, ROY CAULIFLOWER, CLYDE SANDERS, JOHN GAGE, and W. F. DENNIS, Appellants, No. 40872—221 S. W. (2d) 508.

Division One, June 13, 1949.

*Roger A. Bailey* and *Robert A. Dempster* for appellants.

322

*D. W. Gilmore* for respondent.

DALTON, C.—The sole question presented on this appeal is the legal right of the prosecuting attorney of Scott county, under the facts stated in the petition and shown by the evidence, to bring and maintain this action in the name of the State and for the use and benefit of Consolidated School District No. 42 of Scott county without the consent or authority of such school district. The cause was tried to the court without the aid of a jury and a judgment for $9531.25 was entered in favor of the plaintiff. Defendants have appealed.

It appears that said District No. 42 is a consolidated school district duly organized and existing under the laws of the State of Missouri and located in Scott county. Defendants are the individual members of the board of directors of said school district and include the president, treasurer and secretary of the school board. As indicated in the style of the cause, the action purports to be one by the State of Missouri, to the use of Consolidated School District No. 42 of Scott County, by D. W. Gilmore, Prosecuting Attorney of Scott County, Missouri, who prosecutes in the name of the State of Missouri for and on behalf of said Consolidated School District No. 42. By the action plaintiff seeks a personal money judgment against the individual defendants for the total amount of the funds of said district, belonging to a fund known as the Teachers' Fund, alleged to have been illegally, unlawfully and wrongfully expended and caused to be expended for other purposes than for the payment of teachers. The action was instituted by the prosecuting attorney of Scott county in his official capacity as such, but the prosecuting attorney acted at the request of certain landowners and taxpayers in the said school district.

The evidence shows that, between July 1, 1944 and June 30, 1946, with the knowledge, acquiescence and consent of each and everyone of the defendants, some $8500 of funds of the said district, belonging to the Teachers' Fund, were transferred by order of the board to the Incidental Fund of said district and expended as such contrary to the provision of Sec. 10366 R. S. 1939 as amended Laws 1943, p. 893; Sec.

1. There was further testimony that the said school district was short of incidental funds and that the transfer was considered necessary to the operation of the schools of the district. It further appeared that the reports filed with the county clerk of the county showed the transfer and expenditure of Teachers' Funds for incidental purposes, but that the reports filed with the State Superintendent of Schools did not show that moneys from the Teachers' Fund had been spent for other purposes. See Sec. 10501 R. S. 1939; Laws 1941, p. 536.

Our General Assembly has by statute provided for the establishment of separate legal entities known as "school districts" and has determined their powers and duties. Sec. 10323 et seq., Chap. 72 R. S. 1939. A consolidated school district, such as the one mentioned above, is a public corporation. Kansas City v. School District of Kansas City, 356 Mo. 364, 201 S. W. (2d) 930, 933; State ex rel. Brickey v. Nolte, 350 Mo. 842, 169 S. W. (2d) 50, 55; School Dist. of Oakland v. School Dist. of Joplin, 340 Mo. 779, 102 S. W. (2d) 909, 910. Such districts have the capacity to sue and be sued as such. School Dist. No. 24 of St. Louis County v. Neaf, 347 Mo. 700, 148 S. W. (2d) 554, 556; School Dist. No. 24 v. Mease (Mo. App.), 205 S. W. (2d) 146; Sec. 10487 R. S. 1939; Sec. 10466 R. S. 1939. Accordingly, appellants contend that no suit may be brought on behalf of Consolidated School District No. 42 of Scott county, or to its use, without the consent and authority of its board of directors; and it is conceded that the prosecuting attorney had no such consent or authority from the school board of said district for the institution of this suit.

We think the facts alleged in the petition are sufficient to show a personal interest of the directors adverse to the bringing of any such action as this and to show the consequent disqualification or hostility of the directors to the taking of any steps looking to the recovery, from themselves individually and personally, of the amounts which they have illegally and wrongfully transferred from the Teachers' Fund of said district to the Incidental Fund and have illegally and wrongfully misapplied and spent. In this connection the court remarked at the trial: "The court takes judicial notice that they (the defendants) are not going to sue themselves."

Appellants contend that the prosecuting attorney has no statutory or common law authority to interfere with the administration of school districts and particularly that the statutes give the prosecuting attorney ▮▮▮ no authority to act in behalf of a school district without its consent. Appellants cite State ex rel. Hurwitz v. North, 304 Mo. 607, 264 S. W. 678, where a complaint was filed to revoke a physician's license. The complainant described himself as the prosecuting attorney of a particular county and the court held that the complainant in his official capacity was not authorized to file such a complaint, but that a complaint by one who was a citizen was sufficient to give the State Board of Health jurisdiction to hear the complaint. The other

case cited is State ex rel. Wammack & Welborn v. Affolder, 214 Mo. App. 500, 257 S. W. 493, where the court held that the county court might employ other attorneys than the prosecuting attorney to advise as to a township bond issue, since the statutes did not make it the duty of the prosecuting attorney to advise the county court as to such a bond issue, so as to prevent the court from employing other attorneys for such purpose.

Appellants argue that the prosecuting attorney has only such powers as are expressly conferred upon him by statute, and that, if a prosecuting attorney is not satisfied with the manner in which the board of directors is administering the affairs of a school district, his remedy is Quo Warranto, Mandamus or Injunction. They insist that he cannot maintain a civil suit, such as this, to obtain a money judgment on an alleged personal liability of the directors to the school district for the misappropriation of funds. Appellants further contend that only the district, by the authority of its board of directors, is a proper party plaintiff to obtain such a money judgment. Respondent has not favored us with a brief.

Section 12942 R. S. 1939 expressly provides that "the prosecuting attorneys shall commence and prosecute all civil and criminal actions in their respective counties in which the county or state may be concerned. . . ." Section 12944 R. S. 1939, provides that "he shall prosecute or defend, as the case may require, all civil suits in which the county is interested. . . ." Neither the word "concerned" nor the word "interested" is defined, but one of the definitions given for the word "concerned" is "affected, disturbed, troubled, interested; as, to be concerned for one's safety." Webster's New International Dictionary (2nd Edition). There can be no doubt that the state was interested, concerned and affected by the illegal transfer and dissipation of the Teachers' Funds of this school district.

Appellants as members of the school board occupied a fiduciary relationship to the said school district. State ex rel. Brickey v. Nolte, supra (169 S. W. (2d) 50, 55). They had charge of the Teachers' Funds belonging to said district for the purpose of disposing of it in accordance with provisions of Sec. 10366, supra, as amended Laws 1943, p. 893, Sec. 1. The school funds of the said district belonging to the Teachers' Fund constituted a trust fund for the purposes provided by statute. See Saline County v. Thorp, 337 Mo. 1140, 88 S. W. (2d) 183, 186; Montgomery County v. Auchley, 103 Mo. 492, 503, 15 S. W. 626; Butler Co. v. Campbell, 353 Mo. 413, 182 S. W. (2d) 589, 591-592; State ex rel. Circuit Atty. v. Saline County Court, 51 Mo. 350, 364. A portion of such funds are obtained directly from the state. See Sec. 10390 R. S. 1939.

Appellants concede that the state might have intervened to prevent the illegal transfer and use of the Teachers' Fund for other purposes than the purpose provided by statute. There is no contention that the

prosecuting attorney would not have been the proper official to act and represent the state in such a case. In this connection see State ex rel. Thrash v. Lamb, 237 Mo. 437, 450, 141 S. W. 665; State ex rel. Big Bend Quarry Co. v. Wurdeman, 309 Mo. 341, 274 S. W. 380, 382; State ex rel. Westhues v. Sullivan, 283 Mo. 546, 224 S. W. 327, 331; State ex rel. Circuit Atty. v. Saline County Court, supra. Also see State ex rel. St. Ferdinand Sewer Dist. v. McElhinney, 330 Mo. 1063, 52 S. W. (2d) 400, 402. Appellants insist only that the prosecuting attorney may not in the name of the state and for the use of this district maintain this action for a money judgment under the facts and circumstances shown. Apparently, the matter has never been previously presented to the courts of this state, but it has been considered elsewhere.

The case of State ex rel. Griffith, Atty. Gen. et al. v. Bradbury, 123 Kans. 495, 256 P. 149 was an action in mandamus to have the court compel the defendants, who constituted the board of trustees of a high school district to bring an action in their official capacity against themselves individually to recover a considerable amount of public funds of the district which the defendants had unlawfully expended to purchase and operate motor buses to carry pupils of the district to and from school. Defendants had already been enjoined from the further expenditure of the school district's funds for such purpose. The relief sought by mandamus was refused, because, as the court held, the legal remedy was adequate. A statute referred to as R. S. 19-702 provided that: "It shall be the duty of the county attorney to appear in the several courts of their respective counties and prosecute or defend on behalf of the people all suits, applications or motions, civil or criminal, arising under the laws of this state, in which the state or their county is a party or interested."

The court said: "Usually the county attorney asserts the interest of the state by bringing injunction proceedings to prevent illegal action or by quo warranto to challenge the right of officials to do the acts he complains of. It does not appear that the public moneys of any subordinate division of the state, like a school district, have ever been sought to be recovered in this jurisdiction by such an action in the name of the state on the relation of its proper prosecuting officer, yet neither have we a precedent for the unique exercise of mandamus which is asked in the present case. However, there can be no difference in principle between an action by the state ex rel. to challenge the right of school district officers to exercise some ungranted power or to enjoin them from further unlawful expenditure of public funds, and an action by the state by its official relator to recover the district funds already unlawfully expended, particularly in a situation where the district's officials are disqualified by personal interest from commencing and prosecuting such an action on their own official initiative with the requisite whole-hearted vigor to get results. Whether the case

be to enjoin further unlawful expenditure of public funds or to recover those already unlawfully disbursed, the county attorney, in the name of the state, prosecutes 'on behalf of the people' a civil action in which the state is interested in literal conformity with R. S. 19-702. In a very real sense a school district is a state institution, and, when its funds are unlawfully disbursed, the state is interested in their recovery—theoretically just as much as in the prevention of further continuing unlawful expenditures. We have admitted that our own reports do not show a precedent for the sort of action we suggest. It is a complete answer, we think, that the necessity has not hitherto arisen to consider the comprehensive character of the statute which clothes the county attorney with power to act under such circumstances as those here disclosed.''

The reasoning in the above case was adopted and followed in State ex rel. Lester v. Baker, 156 Kans. 439, 134 P. (2d) 386, 390, where drainage district funds were involved.

In the case of State of Ohio by John C. Schwartz, Prosecuting Atty. v. Zumstein, 4 Ohio Cir. Ct. 268, a directly contrary conclusion was reached. In that case an action was instituted by the prosecuting attorney in the name of the state and for the use of the county to recover from the board of county commissioners the amount of county funds alleged to have been illegally paid out. The court held that the board of county commissioners was the financial representative of the county having the right to sue for and recover all sums of money due the county; and that ''no other person or officer is authorized to sue for or recover any such money demand unless the right to do so is conferred by statute.'' The court held that the plaintiff had no legal capacity to sue or maintain the action. In that state, by subsequent legislative enactment, such authority was given to the prosecuting attorney. Prosecuting Attorney v. Spencer, 8 Ohio N. P. 21.

On appeal, the presumption always is that the decision of the lower court was correct, and the burden is upon appellants to affirmatively show error as a condition precedent to reversal. Fears v. Newman Mercantile Co., 348 Mo. 1102, 156 S. W. (2d) 909, 912; Orlann v. Laederich, 338 Mo. 783, 92 S. W. (2d) 190, 197; Palmer v. Shaw Transfer Co. (Mo. Sup.), 209 S. W. 882.

We think the reasoning and conclusion reached in the case of State ex rel. Griffith v. Bradbury, supra, and followed in State ex rel. Lester v. Baker, supra, is sound. The pleadings and evidence in the case before us tend to show that appellants in their official capacities as directors of the school district could not be expected to sue themselves to recover the sums of money illegally transferred and spent. Their disqualification to actively and aggressively prosecute such an action appears upon the face of the record. Unless the prosecuting attorney acts on behalf of the state in such a case, it is apparent that no action

would be taken. As stated, the right of the state at the relation of the prosecuting attorney to intervene and enjoin such illegal transfers and expenditures is not questioned. The interest and concern of the state in intervening and stopping such an illegal disposition of public funds is not questioned. We think that the right of the state by the prosecuting attorney of the county to intervene in such case and to recover, on behalf of the state and the school district, the amounts so illegally diverted and spent rests upon sound public policy and upon express authority granted by statute. Under the facts pleaded and proven we hold the prosecuting attorney of Scott county had authority to institute and maintain this action. No reversible error appears.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.*, concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.