Sterling **RUDDY** and Mona Ruddy et al.,
Relators,

v.

Paul E. **CORNING,** Jr., Judge of the Circuit Court, County of St. Louis, Respondent.

No. 35172.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 9, 1973.

Motion for Rehearing Denied Nov. 13, 1973.

Samuel H. Liberman, Liberman, Baron, Goldstein & Freund, St. Louis, for relators.

Paul E. Fitzsimmons, Clayton, for respondent.

DOWD, Chief Judge.

This is an original proceeding in mandamus. Respondent ruled on certain motions subsequent to the issuance of the alternative writ which made most of the contentions in relators' petition moot. The only remaining issue is whether the injunction issued by respondent failed to meet statutory requirements and should be dissolved.

Relators own certain property in the City of Brentwood and were negotiating with the City for its sale. When the negotiations failed, the City sought a temporary restraining order alleging relators threatened to cut down all trees and vegetation on the property. The restraining order was granted but was later dismissed after hearing.

The City then filed a condemnation action seeking to condemn the property in question for a park. Subsequent to this filing, the City petitioned for an injunction to prevent relators from cutting down the trees. Respondent granted the injunction. Relators seek the writ of mandamus to compel respondent to dissolve the injunction since it "was issued without notice, show cause order, posting of bond, or time limitation." We issued the alternative writ.

Section 526.070, RSMo 1969, V.A.M.S., provides:

"No injunction, unless on final hearing or judgment, shall issue in any case, *except in suits instituted by the state in its own behalf,* until the plaintiff, or some responsible person for him, shall have executed a bond with sufficient surety or sureties to the other party * * *." (Emphasis ours).

Respondent contends that the City of Brentwood, in seeking the injunction in question, came within the above emphasized exception and was, therefore, not required to execute a bond. We cannot accept this contention.

The injunction in this case was sought on behalf of the City of Brentwood for its benefit and the benefit of the residents of that city. Respondent's contention is that the City of Brentwood was exercising the condemnation power granted it by the State when it sought to condemn this land, and the petition for injunction, being incident to this condemnation power, constitutes an action by the State in its own behalf. Were we to sustain this contention, it may logically be extended to any grant of statutory authority by the legislature to not only cities, but public and private corporations. This would undermine the intent of the statute and the protection it establishes. This we are unwilling to do. We hold that the City of Brentwood, in seeking the questioned injunction, did not come within the limited exception of Section 526.070, RSMo 1969, V.A.M.S., and was required to execute a bond prior to issuance of the injunction.

The requirement that a bond be executed prior to issuance of a temporary injunction is jurisdictional, and a temporary injunction issued without a bond is void. State ex rel. St. Ferdinand Sewer Dist. of St. Louis County v. McElhinney, 330 Mo. 1063, 52 S.W.2d 400 (banc 1932); Curtis v. Tozar, 374 S.W.2d 557 (Mo.App.1964).

The purpose of a writ of mandamus is to compel the performance of a ministerial duty. State ex rel. Phillip v. Public School Retirement System of City of St. Louis, 364 Mo. 395, 262 S.W.2d 569 (banc 1953). The execution of a bond by the City of Brentwood was a prerequisite to respondent's issuance of the questioned injunction, and that injunction is, therefore, void. Respondent has no alternative but to dissolve that injunction.

Our alternative writ is made peremptory and respondent is ordered to dissolve the injunction.

WEIER and CLEMENS, JJ., concur.