Dear Sir:
This is in answer to your recent opinion request reading as follows:
 "Is the County Court of a third class county such as Phelps County required to advertise for and accept, bids on group health insurance covering county employees when that insurance is partially paid for by county funds and partially paid for by employee contributions, and when the insurance plan is chosen by a vote of the employees?"
You further state:
 "The insurance plan in question was chosen by a vote of county employees to switch from the prior plan to this specific plan during the term of said prior plan. The county had been using a Blue Cross insurance package when representative of Equitable offered a plan for a substantially lower premium. the county court held a meeting of county employees and Equitable presented their coverage plan. The employees then voted to switch from Blue Cross to Equitable. the county pays 60% of the premium and the employees 40% of the premium. Participation in the plan is optional with each employee."
Section 49.277, RSMo 1978, provides as follows:
 "1. The county court in all counties of the second and third classes and counties of first class not having a charter form of government as a part of the compensation of its employees may contribute to the cost of a plan, including a plan underwritten by insurance, for furnishing all or a part of hospitalization or medical expenses, life insurance, or similar benefits for its employees, and to appropriate and utilize its revenues and other available funds for these purposes.
 "2. No contract shall be entered into by the county to purchase any insurance policy or policies pursuant to the terms of this section unless such contract shall have been submitted to competitive bidding and such contract be awarded to the lowest and best bidder."
Such section was made applicable to third class counties by Laws 1975-1976, page 611.
The provisions of subsection 2 of Section 49.277 are crystal clear.
In the case of Pedroli v. Missouri Pacific Railroad,524 S.W.2d 882, the court said, l.c. 884:
 "The primary rule of statutory construction is to ascertain the intent of the legislature. Missouri Pacific Railroad Company v. Kuehle, 482 S.W.2d 505, 509[3] (Mo. (1972). This legislative intent should be ascertained from the words used, if possible, and in doing so the words should be given their plain and ordinary meaning so as to promote the object and manifest purpose of the statute. State ex rel. State Highway Commission v. Wiggins, 454 S.W.2d 899, 902[5] (Mo. banc 1970). When the language of a statute is unambiguous and conveys a plain and definite meaning, the courts have no business to look for or to impose another meaning. DePoortere v. Commercial Credit Corporation, 500 S.W.2d 724, 727[1] (Mo.App. 1973). If a statute is unambiguous, a court should regard it as meaning what it says since the legislature is presumed to have intended exactly what it states directly. DePoortere v. Commercial Credit Corporation, supra at 727[2]."
Subsection 2 of Section 49.277 makes it abundantly clear that no contract to purchase any insurance policy pursuant to the terms of Section 49.277 shall be entered into unless there is competitive bidding, and the contract is to be awarded the lowest and best bidder. It would be difficult to find clearer language than this as to the intent of the legislature. The fact that this contract was entered into when employees allegedly voted to "switch" from another insurance company would make no difference. It is obvious that a contract was entered into between the county and the insurance company to purchase insurance under the provisions of Section 49.277, and that the contract would be valid only if the statutory provisions relating to advertisement for bids were complied with. There is no doubt then that a contract in order to be valid under the provisions of Section 49.277 must be one that has been entered into after competitive bidding.
Insofar as the need for compliance with this provision is concerned, we note that, it is a well-established doctrine of law in this state that the members of a governing body who authorize and make illegal payments of public money are personally liable for the money so illegally expended. State v. Powell, 221 S.W.2d 508 (Mo. 1949).
We do not attempt to decide whether the original contract for insurance coverage was valid, or whether if such contract was valid, the county could "switch" during the contract period but rule only that under the provisions of Section 49.277 any contract entered into under such section is invalid unless the competitive bidding requirements are followed.
Very truly yours,
 JOHN ASHCROFT Attorney General