FREDERICK D. BENNETT, BY HARRIS N. BENNETT, HIS GUARDIAN, APPELLANT, v. CHARLES L. CRANE, RESPONDENT.*

St. Louis Court of Appeals. Opinion filed December 7, 1926.

1.—Pleading—Actions—Equitable—Legal—Same Form of Petition. Under the Missouri Code, equity and law are subject to the same form of pleading, and the same form of petition covers both equitable and legal causes of action.

2.—Same—Same—Accounting. An action for an accounting will not lie as a sole ground for relief in equity.

3.—Same—Demurrer—Conclusions of Law—Not Admitted. Where a petition simply alleged that the defendant collected certain percentages on commissions under an arrangement to pay them to plaintiff, and then alleges that defendant holds same as trustee and as agent for the plaintiff, such allegation is purely a conclusion of law which is not admitted by demurrer.

4.—Accounting—Equity—Books and Papers—Possessed by Adverse Party— Production—Adequate Remedy at Law. A petition for an accounting alleging that plaintiff has called upon defendant for a statement of the account and defendant has failed and neglected and refused to render to plaintiff or anyone else any statement showing the amount due, and all the books, papers, records and documents relating to same are in the sole and exclusive possession of the defendant, does not call for equitable relief in view of the Missouri Code which provides for an examination of the adverse party before trial and for the production of books and papers, thereby furnishing a complete means of discovery, in a law action, and one as complete as could be obtained by a court of equity.

5.—Same—Partnerships—Petition—No Fiduciary Relationship Disclosed— Debtor and Creditor—Without Equitable Jurisdiction. In an action for an

accounting for alleged commissions for selling, and renewal of, insurance, **held** the facts alleged in the petition show the relationship of debtor and creditor and do not disclose any fiduciary relations, although it charges that defendant holds the funds as trustee for plaintiff, such allegation is a mere conclusion.

**6.—Equity—Unjust Enrichment—Adequate Remedy at Law—Equity Will Not Intervene.** Equity will not take jurisdiction to prevent an unjust enrichment, where an adequate remedy at law exists to prevent a miscarriage of justice.

**7.—Insurance—Commissions—Pleading—Petition—Cannot be Supported as Action at Law.** In an action for an accounting to recover alleged commissions for selling, and renewal of, insurance, petition reviewed and **held** that it cannot be supported as an action at law in view of section 1220, Revised Statutes 1919.

**8.—Pleading—Petition—Matters of Legal Cognizance and of Equitable Jurisdiction—Improperly Blended—Demurrable.** A petition is demurrable where there are improperly blended therein matters of legal cognizance and matters of equitable jurisdiction.

*Corpus Juris-Cyc. References: Accounts and Accounting, 1CJ, p. 615, n. 73; p. 626, n. 3; Equity, 21CJ, p. 36, n. 16; Insurance, 32CJ, p. 1081, n. 34; Partnership, 30Cyc, p. 732, n. 46; Pleading, 31Cyc, p. 44, n. 9; p. 116, n. 51; p. 335, n. 80.

Appeal from the Circuit Court of the City of St. Louis.—Hon. Franklin Miller, Judge.

Affirmed.

*Abbott, Fauntleroy, Cullen & Edwards* and *Lee W. Hagerman* for appellant.

*Leahy, Saunders & Walther* for respondent.

(1) (a) The petition in this case cannot be supported as an action at law. R. S. 1919, sec. 1220; Carter v. Shotwell, 42 Mo. App. 663. (b) The petition is demurrable for the reason that there is improperly blended therein matters of legal cognizance and matters of equitable jurisdiction. Frye v. Warren, 190 Mo. App. 193; Meyers v. Field, 37 Mo. 440; Sidney v. Mo. Land & Live Stock Co., 163 Mo. 342. (2) (a) The facts pleaded show that plaintiff and defendant occupied the relation of debtor and creditor in this case. The allegation in the petition that the defendant holds the commissions due, as trustee and agent for plaintiff, being a conclusion of law, is not admitted by the demurrer. Mulholland v. Rapp, 50 Mo. 42; Pattison's Code Pleading, secs. 260 and 926. (b) Since no other equitable relief is sought, except an accounting between debtor and creditor, the demurrer was properly sustained. An action in accounting will not lie as the sole ground for relief in equity. Vogel-

sang v. St. Louis Fibre Co., 147 Mo. App. 587; Sommerfield v. Hellman, 210 574; Mulholland v. Rapp, 50 Mo. 47. (c) In addition to other equitable grounds, the account must be mutual and extremely complicated. 1 R. C. L., page 223; Kaston v. Bell, 46 Ore. 308; Simley v. Bell, 17 Am. Dec. 813; White v. Cook, 51 W. Va. 201; De Voise v. H. & W. Co., 58 Atl. 91; 1 Corpus Juris, 619-20; Dargin v. Hewlitt, 22 S. 128; Chlein v. Kabat, 33 N. W. 771. (d) The basis of the assumption of jurisdiction by a court of equity in such cases seem to be the inadequacy of the remedy at law. This inadequacy does not exist where the code provides for an examination of the adverse party before trial and for the production of books and papers. 1 C. J. 626; Uhlman v. New York Life Ins. Co., 17 N. E. 363. (3) Plaintiff in this case has an adequate remedy at law. 1 C. J. 626; Uhlman v. New York Life Ins. Co., 17 N. E. 363. (4) Plaintiff and defendant were not partners, nor is there a fiduciary relationship existing between them. Mulholland v. Rapp, 50 Mo. 42; Pattison's Code Pleading, secs 260 and 926.

DAUES, P. J.—This suit was instituted by plaintiff in the circuit court of the city of St. Louis in December, 1923. The original petition was successfully demurred to, and thereafter plaintiff filed his first amended petition to which a demurrer was also sustained. Thereafter, by leave of court, the second amended petition was filed, to which, again, the court sustained a demurrer. The grounds in the last demurrer were that the petition did not state a cause of action either at law or equity against defendant, and, second, that the petition did not state a cause of action in equity. Having so sustained the demurrer, the court, *nisi*, ruled that since three demurrers to the petition had been sustained there should be a final judgment under the statute in favor of the defendant, and accordingly such judgment was entered. After appropriate motions, plaintiff brings the case here on appeal to review the action of the court on the demurrer.

Since the sole question on this appeal drives at the second amended petition, we set same out in full, as follows:

"Now comes the plaintiff in the above-entitled cause and by leave of court first files this, his second amended petition, and for his cause of action against the defendant states:

"First. Plaintiff states that Frederick D. Bennett suffered injuries on the 25th day of September, 1916, which rendered him mentally incompetent and unable to manage his affairs, and that by proper proceedings had and held in the probate court of the city of St. Louis the said Frederick D. Bennett was adjudged to be incompetent and a person of unsound mind, and that Mrs. Frederick D. Bennett was appointed guardian of the said Frederick D. Ben-

220 Mo. App.—39.

nett; that on the —— day of March, 1917, said Mrs. Frederick D. Bennett died, and Frank X. Hiemenz was duly appointed guardian of the estate of Frederick D. Bennett in her place; that afterwards the said Frank X. Hiemenz resigned and thereafter Harris N. Bennett was appointed guardian of the person and estate of Frederick D. Bennett, and as such he is now acting and brings this suit as guardian for and in behalf of the said Frederick D. Bennett.

"Second. Plaintiff says that the defendant, Charles L. Crane, at all times mentioned herein conducted a large insurance business in the city of St. Louis; that Frederick D. Bennett, prior to his injury, was associated with the said Charles L. Crane and was engaged in procuring insurance business for the said Charles L. Crane, and in consideration of procuring said business there was an understanding and agreement between the said Frederick D. Bennett and the said Charles L. Crane that the said Frederick D. Bennett should receive a certain per cent upon all insurance business procured through him for the said Charles L. Crane Insurance Agency and should be entitled to receive a percentage of all business procured by or through him which might thereafter be renewed with the said Charles L. Crane, and that said arrangement was in force at the time of the injury of said Frederick D. Bennett, and Charles L. Crane was then indebted to the said Frederick D. Bennett on account of said commissions in a large sum, the exact amount of which plaintiff cannot state because all the books and records and evidence relating to same are in the possession of the said Charles L. Crane.

"Third. Plaintiff further states that after the said Frederick D. Bennett received the injuries aforesaid and while Mrs. Frederick D. Bennett was acting as guardian of his person and estate, to-wit, on or about March 3, 1917, she entered into a contract and agreement with the defendant, Charles L. Crane, by which the said Charles L. Crane, in consideration of the obligations which arose on account of his control and association with Frederick D. Bennett, agreed and promised to pay her as the reperesentative of the said estate, one-third of all commissions on all business renewed which originated through the said Frederick D. Bennett, and also one-third of any new business that might be secured through the assistance of Frank X. Hiemenz, or otherwise, and said agreement was to apply to all commissions or percentages which might be due or owing the said Frederick D. Bennett at the time of his injury and thereafter or up to and including January 1, 1919.

"Plaintiff says that during the period covered by said contract defendant, Charles L. Crane, received a large amount of business in the way of renewals of business theretofore obtained for him by Frederick D. Bennett and also received large sums of money on account of premiums received on account of new business coming to him

by and through the influence of the said Frederick D. Bennett; that the said Charles L. Crane has kept books of account which will show what sums are due on account of said arrangement between himself and Frederick D. Bennett and the contract of March 3, 1917; that plaintiff has called upon the said defendant for a statement of the account, but defendant has failed and neglected and refused to render to plaintiff or anyone else any statement showing the amount due, and all the books, papers, records and documents relating to same are in the sole and exclusive possession of the defendant, and for that reason plaintiff cannot state in detail the amount due, but avers on information and belief that the amount due under said contract and arrangement exceeds the sum of four thousand dollars ($4000). The plaintiff further avers that said Charles L. Crane collected the percentages and commissions due and owing to plaintiff under and by virtue of the arrangement herein set forth and holds the same as trustee and agent for the said plaintiff, but refuses to pay over said sums to plaintiff or to render him any statement of account relating to same, and the said defendant has admitted his liability under the contracts herein set forth and had failed and refused to make a proper accounting or settlement, and plaintiff prays that it be ordered, adjudged and decreed by the court that the defendant be compelled to make, render and satisfy an account between himself and said Frederick D. Bennett and the estate of Frederick D. Bennett, the plaintiff herein, and that plaintiffs be permitted to reply to, falsify or surcharge said account, and that a full accounting be ordered between the said plaintiff and defendant, and that plaintiff be given judgment against the defendant for the amount of the commissions found to be due under the above and said contract and for such other and further relief as to the court may seem equitable and just, for all of which he will ever pray.''

To determine whether the petition alleges facts which enable it to be supported as a cause of action in equity, requires a somewhat extensive consideration of the question of equity pleading in our jurisdiction.

Under our code, equity and law are subject to the same form of pleading; the same form of petition covers both equitable and legal causes of action. This will be seen from section 1220, Revised Statutes Missouri 1919. We have before us, too, in this connection section 1254 of the statutes, which permits the pleader to state facts in the alternative, and also section 1257, which provides that pleadings are to be liberally construed, and, as well, section 1276, which provides that defects in pleadings not affecting substantial rights are to be disregarded.

We have reviewed, with exacting care, the Missouri Reference Statute (sec. 1426) and the decisions to the effect that such statute

does not determine, affect or delimit the inherent equitable powers of the courts. We have also considered the words of the textwriter. in Bispham on Equity (Ed., 1874), sec. 480, etc., upon which appellant strongly relies. This text is to the effect that courts of equity have jurisdiction in matters of account, even where there are other reasons of the necessity for an accounting, to bring the case within the scope of equity. However, we must determine this case under the compass of our own adjudicated cases in Missouri.

Appellant says this petition states particular circumstances from which special equities are alleged, and that therefore there is ground for equitable judisdiction because of the inadequateness of the remedy at law, and, further, that inadequacy of the remedy at law is not always based upon a total absence of the remedy at law but sometimes is based upon the insufficiency, inconvenience and impracticability of existent remedies at law, citing Jacobs v. Cauthorn, 293 Mo. 154, 238 S. W. 443, and certain earlier cases.

That brings us, then, to the naked question, first, as to whether the petition, which seeks equitable relief, does or does not simply seek an accounting between debtor and creditor, and if it does, then whether same can be sustained as stating a cause of action in equity.

If we were confronted with the proposition only of being required to blunt the sharp prongs of technical pleadings, or to extend and broaden some of the reported cases which hold sharply to the lines of technical pleading, we would not hesitate to hazard to do so. But, of course, we cannot take this case out of the groove of the well-established principles of law which are binding upon us.

Considering the petition, then, in the first light, that is, that it charges the relationship of debtor and creditor and calls for an accounting, it cannot be sustained in equity. For it is the law in this State that an action for accounting will not lie as a sole ground for relief in equity. [Vogelsong v. St. Louis Wood Fibre Co., 147 Mo. App. 578, l. c. 587, 126 S. W. 804; Somerville v. Hellman, 210 Mo. 567, l. c. 574, 111 S. W. 35; Mulholland v. Rapp, 50 Mo. 47.] But the petition contains allegations that the defendant held the commissions due plaintiff as trustee and as agent for plaintiff. Of course, this is a conclusion of law, as a reading of the petition will clearly indicate. The petition simply alleges that the defendant collected certain percentages on commissions under an arrangement between Bennett and Crane, and then alleges that Crane holds same as trustee and as agent for the plaintiff. This is purely a conclusion of law which is not admitted by the demurrer. [Mulholland v. Rapp, supra.] No facts supporting such conclusions of law are alleged.

Then, up to this point, we still have a petition which is a suit for accounting and nothing more. But even if an account were involved under circumstances otherwise calling for equitable relief, still there

are authorities to the effect that such account must be mutual and extremely complicated. [1 Ruling Case Law, 223, and cases there cited.] However, the basis of assumption of jurisdiction by an equity court in such cases of accounting is always the inadequacy of the remedy at law. Our code provides for an examination of the adverse party before trial, and for the production of books and papers. Then it would seem, under the facts alleged, that the inadequacy of a law action does not exist here. While we do not find this exact feature discussed in any of the cases cited in the briefs, nor have we been able to find such in our own reports, the case of Uhlman v. New York Life Ins. Co., 17 N. E. 363, is directly in point, wherein it is held by the Circuit Court of Appeals of New York that since a statute gives the right of an examination of the adverse party before trial, and causes the production and deposit of books and papers to be made, that thereby the statute furnishes a complete means of discovery and one as complete as could be obtained by a court of equity. Likewise, this principle is adopted in 1 Corpus Juris, 626, as being the general rule. And so under our practice, in a law action, plaintiff has a right to examine the books and papers of his adversary under an order of the court. He may examine the opposite party himself, and thus the need of equity is swept away.

But appellant says that the petition charges that plaintiff and defendant were partners and that defendant holds the funds as trustee for plaintiff. We cannot persuade ourselves to believe that the facts alleged in this petition disclose any fiduciary relations. Such conclusion may be stated therein, but not such facts. The facts alleged show the relationship of debtor and creditor.

Appellant also insists in his brief that equity "acts to prevent an unjust enrichment." We fain would embrace this principle so as to permit an adjudication of the merits here upon the facts stated in the petition if we were not met with the unmistakable barrier that an adequate remedy at law exists to prevent a miscarriage of justice. If equity alone were left to impose a remedy because there is no remedy at law, then we would be on safe ground, and only then.

Without discussion, we hold that this petition cannot be supported as an action at law. [Revised Statutes 1919, sec. 1220.] Furthermore, the petition is demurrable, for the reason that there are improperly blended therein matters of legal cognizance and matters of equitable jurisdiction. [Frye v. Warren, 190 Mo. App. 192, 176 S. W. 289.]

We have considered the other arguments made by appellant, but none such reach a situation as we have here. We are impelled to conclude that the trial court did not misjudge this petition and properly sustained the demurrer thereto, and under the statute judgment was properly rendered in favor of the defendant. Judgment affirmed. *Becker* and *Nipper, JJ.,* concur.