

# THE ATTORNEY GENERAL

# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

November 7, 1968

Honorable Richard M. Price
District Attorney
Taylor County Courthouse
Abilene, Texas

Opinion No. M-305

Re: Term of the Presiding
Judge of the 7th
Administrative Judicial
District under Article
200a, Sec. 2, Vernon's
Civil Statutes, in view
of the stated facts.

Dear Mr. Price:

Your request for an opinion on the above subject matter
states that on March 12, 1965, the District Judge of the 104th
Judicial District was designated by the Governor of the State of
Texas as Presiding Judge of the 7th Administrative Judicial
District. Such appointment was confirmed by the Texas Senate
and that district judge qualified as Presiding Judge of the
7th Administrative District on March 30, 1965. You further
state that he will retire as District Judge of the 104th
Judicial District of Texas on December 31, 1968. In view of
the foregoing stated facts you have inquired as to the expiration
date of the term of the Presiding Judge of the 7th Administrative
Judicial District under the provisions of Section 2 of Article
200a, Vernon's Civil Statutes, as amended in 1965.

As originally enacted in 1927 by the 40th Legislature,
Section 2 of Article 200a, Vernon's Civil Statutes, provided
as follows:

"Sec. 2. Immediately after this act
becomes effective it shall be the duty of the
Governor, with the advice and consent of the
Senate, to designate one of the regularly
elected and commissioned district judges of
each of said districts as Presiding Judge of
the Administrative Judicial District. Upon the
death, resignation or the expiration of the

- 1483 -

term of office of such Presiding Judge, the
Governor shall thereafter immediately designate
a new Presiding Judge of the Administrative
District, as in the first instance."

In construing the foregoing provisions, the Court
in Eucaline Medicine Company vs. Standard Inv. Co., 25 S.W.2d
259, 261 (Tex.Civ.App. 1930, err. ref.) expressly overruled
the contention that the position of Presiding Judge of an
Administrative Judicial District is an "office" within the
meaning of Section 40, Article XVI, and Constitution of Texas,
pertinently held:

"Nor is the position of presiding judge
of the administrative district an office that a
regularly elected district judge is forbidden
by the Constitution to hold and exercise. Its
functions are judicial in nature, are not in-
consistent with the constitutional duties of the
district judge, and should, in our opinion, be
regarded simply as superadded duties that the
Legislature was authorized to require district
judges to perform." (Emphasis added.)

In view of the refusal by the Supreme Court of the
writ of error in this case in 1930, this being after June 14,
1927, the judgment of the Court of Civil Appeals is deemed
correct and the principles of law declared in the opinion are
deemed as correctly determined. Hamilton v. Empire Gas & Fuel
Co., 134 Tex. 377,383,110 S.W.2d 561,565 (1937).

In view of the construction of Section 2, Article 200a,
it was held in Attorney General Opinion Number S-09 (1953) that
the term of a presiding judge of an administrative judicial
district is the same as his term of office as district judge
and that the designation as Presiding Judge of the administrative
district is not a separate office but merely an extra duty that
may be imposed upon a district judge.

In 1965, the 59th Legislature amended Section 2 so that
it now provides:

"Sec. 2. It shall be the duty of the Governor, with the advice and consent of the Senate, to designate one of the regularly elected district judges, or a retired district judge, who voluntarily retired from office, who resides within the district, and who has certified his willingness to serve, in each of said districts as Presiding Judge of the Administrative Judicial District. Adequate quarters for the operation of such District and preservation of records shall be provided in the courthouse of the county in which such Presiding Judge resides. Upon the death, resignation or expiration of the term of office of such Presiding Judge, the Governor shall thereafter immediately appoint or reappoint a Presiding Judge of the Administrative District, as in the first instances above. Presiding Judges of Administrative Judicial Districts shall serve for a term of four (4) years from date of qualification as such administrative judge . . ." (Emphasis supplied as to added language of amendment.)

If the foregoing amendment to Section 2 of Article 200a has the effect of now creating an "office" as distinguished from constituting "superadded duties that the legislature was authorized to require district judges to perform", Section 40 of Article XVI of the Constitution of Texas would prohibit a district judge from holding the additional office. We do not believe the legislature had any such intention. Likewise, Section 30 of Article XVI would limit the term of office to two years only, contrary to the four year term provided by the legislature. It is our opinion, however, that since the legislature did not change by the amendatory language the duties of the presiding judge of the administrative district, the construction placed on Section 2 by the Court in Eucaline Medicine Co. vs. Standard Inv. Co., supra, remains equally applicable to Section 2, as amended. Therefore, no "office" within the meaning of Sections 30 and 40 of Article XVI of the Constitution of Texas was created. Eucaline Medicine Co. vs. Standard Inv. Co., supra; cf. Aldine Independent School District vs. Standley, 154 Tex. 547, 280 S.W. 2d 578 (1955). We therefore are of the opinion that the legislature merely placed added duties on regularly elected district judges pursuant to provisions of Section 7 of Article V, Constitution of Texas, and provided for the "reassignment to

active duty where and when needed" of voluntarily retired district judges pursuant to provisions of Section 1a of Article V, Constitution of Texas.

Since Section 2 of Article 200a, Vernon's Civil Statutes, specifically provides that "upon the death, resignation or expiration of the term of office of the presiding judge, the Governor shall thereafter immediately appoint or reappoint a presiding judge of the administrative district as in the first instance above," (Emphasis ours). You are advised that the words "term of office" as used in this statute mean the term of office as district judge, this being the only "office" held. Upon certification of his willingness to serve after retirement, the same presiding judge may be reappointed to carry out the additional duties as presiding judge of the administrative district for a period of four years or the Governor may appoint another judge to so serve.

### S U M M A R Y

The position of presiding judge of an administrative judicial district does not constitute an "office" within the meaning of Sections 30 and 40 of Article XVI of the Constitution of Texas, but is regarded simply as superadded duties that the legislature was authorized to require district judges to perform. Eucaline Medicine Co. vs. Standard Inv.Co., 25 S.W.2d 259 (Tex.Civ.App. 1930, err. ref.). The term of the presiding judge of an administrative judicial district expires with his term of office as District Judge. Upon certification of his willingness to serve, he may be appointed for an additional period of four years. Article 200a, Section 2, Vernon's Civil Statutes.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by John Banks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE
Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
Arthur Sandlin
Ralph Rash
Harold Kennedy
Jay Floyd
A. J. CARUBBI, JR.
Executive Assistant