Gladys PREWITT, Plaintiff-Appellant,

v.

## PARKWAY SCHOOL DISTRICT, Defendant-Respondent.

### No. 59958.

Supreme Court of Missouri,
En Banc.

Sept. 12, 1977.

Respondent's Motion for Rehearing
Denied Nov. 14, 1977.

Burton H. Shostak, St. Louis, for plaintiff-appellant.

W. Munro Roberts, St. Louis, for defendant-respondent.

Terry C. Allen, Asst. Atty. Gen., Jefferson City, for amicus curiae.

SEILER, Judge.

Plaintiff appeals from a judgment dismissing her petition for damages with prejudice on the ground her cause of action is barred by the doctrine of sovereign immunity. Plaintiff pleaded she was injured in a slip and fall on a wet floor in a school building she had entered to register for night classes.[1] She alleged the moisture created a dangerous condition due to defendant's negligent failure to exercise the care owed her as a business invitee and that such negligence proximately caused her injuries. In a two to one opinion, the court of appeals, St. Louis district, affirmed the action of the trial court in dismissing the petition on the ground of sovereign immunity. The case was transferred here on application of plaintiff to be considered with several other cases argued before the court on the same day concerning the question of whether governmental immunity from tort liability should be abolished.

For the reasons set forth in *Jones v. State Highway Commission*, Mo., 557 S.W.2d 225, handed down this same date, we hold that the defense of sovereign immunity from tort liability is no longer available as a defense in this case.

A school district is a public corporation, *Kansas City v. School Dist. of Kansas City*, 356 Mo. 364, 201 S.W.2d 930, 933 (1947); *State ex rel. Brickey v. Nolte*, 350 Mo. 842, 169 S.W.2d 50, 55 (1943); *School Dist. of Oakland v. School Dist. of Joplin*, 340 Mo. 779, 102 S.W.2d 909, 910 (1937),

---

1. The Parkway School District, according to the latest annual report of the State Board of Education made as required by § 161.092, RSMo 1969, consists of three high schools and five junior high schools, all in St. Louis County. One of the latter is North Junior High School, where the plaintiff's injury occurred, May 2, 1974.

and service of process thereon is provided for by § 506.150(5), RSMo 1975 Cum.Supp.

The judgment is therefore reversed and the cause remanded for further proceedings not inconsistent herewith.

BARDGETT, FINCH and RENDLEN, JJ., concur.

MORGAN, C. J., and HENLEY and DONNELLY, JJ., dissent.