**Lucille HANNON, Appellant,**

v.

**PULASKI COUNTY MEMORIAL HOSPITAL, Respondent.**

**No. 10638.**

Missouri Court of Appeals,
Springfield District.

Jan. 4, 1978.

Larry C. Larson, Kansas City, for appellant.

W. H. Thomas, Jr., Dan L. Birdsong, Routh, Thomas, Birdsong & Hutton, Rolla, for respondent.

BILLINGS, Chief Judge.

Plaintiff Lucille Hannon's suit for damages against defendant Pulaski County Memorial Hospital for alleged negligence in 1972 was dismissed by the trial court on defendant's motion that the petition failed to state a cause of action because of defendant's sovereign immunity. We affirm.

The Missouri Supreme Court had occasion to consider the question of governmental immunity from tort liability in four decisions handed down September 12, 1977. In *Wheeler v. St. Clair County Hospital District No. 1,* 557 S.W.2d 233 (Mo.banc 1977), No. 60012, the court held a hospital district was subject to being sued in a tort action. In *State ex rel. Racer v. Richardson,* 557 S.W.2d 235 (Mo.banc 1977) No. 60042, the same ruling was applied to a county hospital. In *Prewitt v. Parkway School District,* 557 S.W.2d 232 (Mo.banc 1977) No. 59958, school districts lost their sovereign immunity. And, the lead opinion, *Jones v. State Highway Commission,* 557 S.W.2d 225 (Mo. banc 1977) No. 60017, buried the doctrine of governmental immunity in tort liability in a suit for negligence against the state highway commission. However, the *Jones* case abolished the doctrine of sovereign immunity *prospectively,* except as to the cases decided that day, "as to all claims arising on or after August 15, 1978 . . . ."

The alleged negligence for which plaintiff sought recovery against the defendant in the instant case occurred in 1972. The doctrine of sovereign immunity is live and viable as to plaintiff's claim and the trial court correctly dismissed her petition.

The judgment is affirmed.

All concur.