BUTLER COUNTY, MISSOURI, v. AUGUSTINE CAMPBELL and BLANCHE CAMPBELL, his wife, Appellants.—No. 38915.—182 S. W. (2d) 589.

Division One, October 9, 1944.

414

*Cope & Ponder* for appellants.

*Charles T. Bloodworth, Sr.*, Special Prosecuting Attorney, for respondent.

 DALTON, C.—Action in equity to set aside a deed to real estate in Butler County. The trial court found the deed "fraudulent per se" and cancelled it. Defendants have appealed.

Plaintiff alleged that, on December 20, 1940, it was the owner of 50 acres of described real estate, which was fenced, cleared and in cultivation, and improved with suitable buildings; that the true market value of the property was $2500 and its reasonable rental value $250 per year; that D. M. Githens was presiding judge of the county court of said county; that Thomas G. Campbell was the duly appointed and acting trustee of tax land and the collector of interest on the school fund mortgage loans of said county; that Augustine Campbell was a brother of the said Thomas G. Campbell; that Blanche Campbell was the wife of Augustine Campbell; that said named persons entered into a fraudulent and unlawful agreement ("to defraud plaintiff Butler County and deprive it of its property rights in said lands") and "conspired together to carry out said agreement, whereby they attempted to transfer title to said described real estate belonging to said county without adequate, proper or any consideration whatever"; that pursuant to said agreement the county court of said county, upon the application of the said Augustine Campbell and wife and by an order of record, granted said Campbell and wife a $350 school fund loan on the described real estate; that said

court by an order of record accepted and approved the applicants' bond and sureties, but that no part of said $350 was paid to the said Augustine Campbell or to anyone for him; that upon the same date, upon the proposition of the said Augustine Campbell and wife to buy said described real estate for $350, the said county court ordered that the said real estate be sold to them for said sum; that said court further authorized and directed Thomas G. Campbell, Trustee, to execute a Trustee's deed to transfer the title to the said purchasers; that, thereafter, the said D. M. Githens purporting to act as "Commissioner, duly appointed by the county court" executed and delivered to defendants a Commissioner's deed for said real estate; that no consideration was paid to plaintiff, except the pretended school fund mortgage; that afterward, on January 31, 1941, at an adjourned day of the same term of the county court at which said court orders were entered, the order authorizing and directing Thomas G. Campbell, Trustee, to convey title to defendants and the order for the loan and sale to defendants were rescinded and cancelled by the then county court of said county; and that the said real estate had been in possession of defendants since December 20, 1940.

Plaintiff asked for the cancellation of the Commissioner's deed to defendants, for the cancellation of the orders of the court as entered on December 20, 1940, and for an accounting for the rents and profits of said real estate for 1941, 1942, and 1943, less any moneys paid out by defendants for taxes, interest or any part of the purchase price. Plaintiff offered "to restore to said defendants any and all sums they have expended and paid to this plaintiff in the purported and attempted purchase of said described real estate" and plaintiff prayed "for all other proper and equitable orders."

Appellants assign error on the overruling of their demurrer to the petition and contend that the petition does not state facts sufficient to constitute a cause of action; that it presented "no issue for trial and will not sustain a judgment"; and that it "has several (inconsistent) causes of action improperly joined in one count." Appellants did not stand on their demurrer, but, after the demurrer was overruled, answered over and went to trial. Appellants, therefore, waived all objections except the failure of the petition to state a cause of action and lack of jurisdiction of the subject matter. Baugher v. Gamble Const. Co., 324 Mo. 1233, 26 S. W. (2d) 946, 948; Syz v. Milk Wagon Drivers' Union, Local 603, 323 Mo. 130, 18 S. W. (2d) 441; State ex rel. Kansas City Light & Power Co. v. Trimble (Mo. Sup.), 262 S. W. 357.

Does the petition state facts sufficient to constitute a cause of action? Appellants say the petition "does not state facts or acts constituting fraud," but only conclusions; that it does not "make proper and sufficient tender"; that it "fails to show that plaintiff has no

adequate remedy at law"; and that it does not "state facts sufficient to give a court of equity jurisdiction."

The petition charges a sale by the county court of county real estate of the value of $2500 for the sum of $350 and the granting of a loan to defendants from the capital school fund of the county for the full amount of the purchase price of the property. The petition further alleges that the sale was made pursuant to an agreement entered into between the presiding judge of the county court and other named persons for the purpose of depriving plaintiff of said property. The allegations do not concern transactions between private individuals, but rather the acts of public officers in the discharge of their official duties in dealing with the real estate and capital school fund of the county. Under the laws of this state, the county court is vested with full power and authority to control and manage the real and personal property of the county and, "for the use and benefit of the county; to sell and cause to be conveyed any real estate, goods or chattels belonging to the county." Sec. 2480, R. S. 1939. In directing how this power and authority shall be exercised, the statutes provide that "the county court may, by order, appoint a commissioner to sell and dispose of any real estate belonging to their county." Sec. 13784, R. S. 1939. It is apparent that "county courts are by law constituted the guardians of the property and interests of their respective counties. 'They occupy a position of trust' in that respect, and 'in that relation are bound to the same measures of good faith toward the counties which is required of an ordinary trustee toward his cestui que trust, or an agent toward his principal.' " State ex rel. Garland County v. Baxter (Ark. Sup.), 8 S. W. 188; Willard v. Comstock (Wis. Sup.), 17 N. W. 401, 406. "County courts are . . . the agents of the county, with no powers except what are granted, defined and limited by law, and, like all other agents, they must pursue their authority, and act within the scope of their powers." State ex rel. Quincy, Mo. & Pac. R. Co. v. Harris, 96 Mo. 29, 37, 8 S. W. 794. The county courts act for the counties in relation to funds held in trust for public school purposes. Secs. 10376, 10378, and 10384, R. S. 1939; Montgomery County v. Auchley, 103 Mo. 492, 502, 15 S. W. 626. The members of the court, as public officers, do not act as individuals with relation to their own property, but as special trustees with limited authority. Saline County v. Thorp, 337 Mo. 1140, 88 S. W. (2d) 183, 186. They are required to act with reasonable skill and diligence, and to discharge their duties with that prudence, caution and attention which careful men usually exercise in the management of their own affairs. The petition sufficiently charges constructive fraud. See, Barrie v. United Railways Co., 138 Mo. App. 557, 645, 119 S. W. 1020; Saline County v. Thorp, supra; 23 Am. Jur., Fraud & Deceit, Sec. 4, p. 756; 37 C. J. S., Fraud, Sec. 2c, p. 211.

■ It is further apparent from the allegations of the petition that plaintiff has no adequate remedy at law. How else could it regain title to the described real estate? "The courts of this state are committed to the doctrine that courts of equity have inherent jurisdiction and power to establish or destroy deeds or deeds of trust as monuments of title to real estate when the action is based on fraud. There cannot be in the very nature of things an adequate remedy at law as a substitute for such an action in equity." Morris v. Hanssen, 336 Mo. 169, 78 S. W. (2d) 87, 91; Hanson v. Neal, 215 Mo. 256, 114 S. W. 1073, 1081. The allegations of the petition are also sufficient in respect to tender. ". . . When the purpose of the action or cross bill is cancellation, it is not a condition precedent to the party's right to maintain the action that he tender into court the consideration he has received if he offers, in his petition, to make restitution or put the other party in statu quo. The condition precedent is upon the granting of the relief demanded and the court has the power to adjust the equities of the case and impose such terms as may be proper." Githens v. Butler County (Mo. Sup.), 165 S. W. (2d) 650, 653; Green v. Security Mutual Life Ins. Co., 159 Mo. App. 277, 294, 140 S. W. 325. The facts stated in the petition are sufficient to constitute a cause of action in equity for equitable relief on the ground of constructive fraud.

■ Before any evidence was offered and again at the close of plaintiff's evidence, defendants moved the court to require plaintiff to elect upon which ground of its petition it would proceed, "whether 'without adequate consideration,' or 'proper consideration' or 'without any consideration' as pleaded in the petition." The motions were overruled and the court's action is assigned as error. Appellants contend that the allegations are conflicting; that several inconsistent causes of action have been united in the same suit; and that plaintiff should have been required to elect. The allegations tend to support a single cause of action and the court properly refused the motions. Both motions were made after answer had been filed and after any misjoinder had been waived. Hanson v. Neal, supra, (215 Mo. 256, 270); Barrie v. United Railways, supra, (138 Mo. App. 557, 640).

On January 7, 1930, W. F. Kelly and wife obtained a $950 loan from the capital school fund of said county, executed a mortgage on the described real estate and gave bond as provided by law. No payment of either principal or interest was made on this loan. The mortgage was not foreclosed and the land records showed the loan "unsatisfied and unpaid." Subsequent to the execution of the mortgage, no state and county taxes were paid and, in 1934, the real estate was sold for delinquent taxes. The county bought the property in at tax sale in November, 1934, and in February, 1937, obtained a collector's deed. Thereafter, a demand was made for possession of the property, but the Kellys refused to vacate. No action was taken to

collect any rents or to get possession of the property, but certain "drainage and ditch taxes" were, thereafter, paid by Butler County. The Kellys were both quite old (one 75 and the other 85 years old), they were in bad health and both were nearly blind. One member [593] of the county court testified that he was opposed to the county court getting possession of the property and "removing the old folks," whom he had known since he was a little child.

In December, 1940, D. M. Githens was presiding judge of the county court of said county and John Garver and Charles Smith were the two associate judges. Thomas G. Campbell had theretofore been appointed land inspector and he had also been appointed "trustee to purchase lands offered for sale at November Tax Sale." The latter appointment being made pursuant to Sec. 9953b, Laws 1939, p. 851. His duties as land inspector were to inspect lands which were subject to school fund mortgages, to notify the mortgagors when payments were due, to collect interest on delinquent loans and to look after the county's farm lands. His salary of $100 per month was paid out of the interest fund of the capital school fund of the county. Thomas G. Campbell took his brother Augustine Campbell out and showed him the described land (in the possession of the Kellys) and "told him it could be bid in." Thereafter (according to Associate County Judge Charles Smith) Thomas G. Campbell reported to the county court that Augustine Campbell would give $350 for the property if the court would make him a school fund loan for that amount. Augustine Campbell talked to the court on two occasions about purchasing the property. Thereafter, on December 20, 1940, Augustine Campbell and wife, applied to the said county court for a $350 loan out of the capital school fund of said county. They presented their bond for $350, conditioned as required by law, with named sureties thereon, and "offered conditionally their school mortgage" conveying the described real estate. The real estate security and the bond were approved and the loan granted. On the same day they made a proposition to the said county court to purchase the described property for $350 and the property was sold to them for that sum. Thomas G. Campbell, Trustee, was authorized and directed to execute a trustee's deed to transfer the title to the purchasers. On the same date D. M. Githens, purporting to act as "Commissioner, duly appointed by the County Court" by "order entered of record," executed and delivered a Commissioner's deed to the said Campbell and wife. It is admitted that the county held title to the real estate in its own name and that the county had purchased the property for taxes before the passage of the law authorizing the appointment of a trustee or the purchase of property at tax sale in the name of such trustee. Laws 1939, p. 851.

The terms of the two associate county judges expired on December 31, 1940, and they were succeeded by associate judges Sam E. Woolard and Hulen Spencer. The county court, on January 31, 1941, at what

purported to be an adjourned term (the 28th day of the November Term, 1940) and the same term at which the sale was ordered, entered an order purporting to rescind and cancel the authority granted to Thomas G. Campbell, Trustee, on December 20, 1940, to convey the described land to Augustine Campbell and wife.

There was evidence that in December, 1940, the reasonable market value of the described real estate was from $1000 to $2000 and that its annual rental value was from $150 to $250. Defendants' evidence tended to fix the market value at $1000 for clear title, but fixed the value of the rents at about $75 per year, which defendants' witnesses said had been collected in 1941 and 1942 by the Kellys.

A month prior to the sale of the described property for $350, W. E. Bruce had offered Thomas G. Campbell $1000 for the property, but Bruce wanted possession and an abstract showing clear title. Campbell told him, "I wouldn't bother those old folks (the Kellys). I don't think we can get them off without some trouble. I don't think we can give you possession. I think the old people will kill our trade." Campbell testified that the Bruce offer was $800 (for possession and good title) and that he reported the offer to the county court.

It was Judge Garver's understanding of the terms of the sale to defendants that the Kellys would not be moved off the property until they died, and that the purchasers (Augustine Campbell and wife) would not get posssssion until that time, although there was no written agreement to that effect. Defendant Augustine Campbell testified that he knew the Kellys were in possession of the property when he bought it; that it was understood that he was to get possession of the property for himself when they died; that he did not get possession until January, 1943, after the Kellys were dead; and that there were some back taxes due the Inter-River Drainage District for 1938, 1939, and 1940, [594] which he paid in the sum of $65.79 on February 4, 1943. His understanding was that he was buying whatever interest Butler County had in the property and that he was to pay these delinquent taxes.

Presiding Judge D. M. Githens testified (for defendants) that in approving the sale he took into consideration the fact that the county had not gotten anything out of the property "for twelve years." He "figured that the county owned all the land" and "thought it better to sell it and get something out of it"; that he was "trying to get the tax money" and "figured it was a good loan"; that "no one would buy the property unless we gave them possession"; that the county could not give possession because the Kellys would not move off; and that the court could not give an abstract showing the Kelly mortgage was cancelled, so the court couldn't consider the offer by Mr. Bruce. He admitted he knew there were ways of getting possession, but he did not consult an attorney.

Thomas G. Campbell testified (for defendants) that he had looked up the records on this land and knew of the Kelly loan and that the property had been sold for taxes. As the representative of the county he tried to collect rents and asked for possession, but he didn't collect any rents and couldn't get possession. He had a memorandum of the Kelly school fund mortgage, but he had not been ordered to collect the loan. He knew that the county had paid some of the drainage and ditch taxes on the land after buying it at tax sale. He said that he had tried to sell the property for $1000 down to $300. He further testified that, considering the time the county had owned the property, the expense it had been to, the fact that it was occupied by the two old people and was subject to the "deed of trust on record of which no part had been paid," $300 was the reasonable value for the county's equity.

Appellants assign error on the exclusion and admission of evidence. The admission or exclusion of evidence is rarely reversible on the appeal of an equity case, since if competent evidence was excluded it may be considered and if it was improperly admitted it may be excluded. Donaldson v. Donaldson, 249 Mo. 228, 248, 155 S. W. 791; McKee v. Downing, 224 Mo. 115, 135, 124 S. W. 7. We have reviewed the assignments and find nothing to warrant a reversal of the cause. The evidence objected to was clearly admissible for the purpose for which it was offered and it was properly received. The evidence which appellants contend was excluded was in fact admitted. The assignments are overruled.

Appellants assign error on the court's action "in overruling defendants' demurrer to the evidence at the close of the whole case." A demurrer to the evidence fills no such place in the trial of an equity suit that error can be predicated upon its refusal. Conrad v. Diehl, 344 Mo. 811, 129 S. W. (2d) 870, 873. The assignment is overruled.

Appellants further contend that "upon the law and the evidence the judgment should have been for the defendants"; and that the court erred in holding the commissioner's deed to be fraudulent per se. Appellants' theory is that the property was subject to a $950 unsatisfied school fund mortgage, certain taxes and the adverse possession of the Kellys; that the consideration received, to wit a school fund mortgage for $350 was adequate and sufficient; that mere inadequacy of price, if established, was insufficient to show fraud; that plaintiff was estopped by acceptance of the mortgage, bond, interest and taxes; that Blanche Campbell had nothing to do with the matter except to join her husband in applying for the school fund mortgage and executing the papers; that the judges of the county court entered into no unlawful agreement to defraud the county; and that no fraud was shown or, if shown, was not established by strong convincing evidence sufficient to warrant a court of equity in cancelling the deed.

As stated, the county acquired title to the described real estate by the foreclosure of a tax lien, which was superior to the lien of the $950 school fund mortgage, but whether the county, after its purchase, held the property for the benefit of the tax fund or for the benefit of the capital school fund, or for both, is not an issue in this case; nor do we need to consider the question of merger.

Defendants, by answer, alleged that they purchased the county's equity in the described real estate and, at the trial, defendants, as noted, supra, showed that the real estate was subject to certain drainage taxes and the adverse possession of the Kellys; and that the $950 school fund mortgage executed by the Kellys on January [595] 7, 1930, was unsatisfied. Interest had been delinquent on the Kelly loan since January 7, 1931. On defendants' theory, although the property was subject to a $950 school fund mortgage, with approximately $570 of accrued interest, was subject to delinquent drainage taxes and the adverse possession of the Kellys, and was worth only $1000, if free and clear, defendants were buying it and giving the county an additional lien on the property in the form of a new school fund mortgage for $350 as the sole consideration for the transfer. Defendants obtained their deed on December 20, 1940, some eighteen days before the lapse of ten years from January 7, 1931. Although the county had purchased the property at tax sale in November, 1934, and had obtained a deed in January, 1937, no action had been taken to foreclose the Kelly mortgage and no foreclosure was contemplated at the time of the sale. The evidence further shows that neither the members of the court nor Augustine Campbell considered the property as being subject to the lien of the Kelly mortgage.

Without determining the validity of the Kelly mortgage on the date of the sale or the question of merger, we think the evidence clearly shows a fraudulent sale. Assuming the Kelly mortgage was a valid lien on that date, there was no intention whatever of enforcing it before it was barred by limitations. The intention, clearly evidenced by the action of the court, was to sell the property to defendants free from the Kelly mortgage. It is unnecessary to rely solely upon the disparity between the market value of the property and its sale price as conclusive evidence of fraud on the part of the county court under the facts hereinbefore detailed. There is additional evidence of bad faith, if not actual fraud. The conceded facts show that the interests of the county were wholly disregarded. There was evidence, apparently believed by the trial court, that the sale was made with the understanding between the county court and the purchasers that the Kellys would not be disturbed. A part of the consideration for the sale was for the benefit of the Kellys rather than the county. The refusal to disturb the possession of the Kellys, the sale of the property for a less sum than had been offered for it, the granting of a school fund loan for the total purchase price, although the property was subject

to tax liens, the sale for less than it was worth when the county had so much tax and school money invested in it, the making of the deed by Judge Githens when it was ordered to be made by Thomas G. Campbell, the sale of the property to the brother of the employee in charge of the sale of county lands and the collection of delinquent loans, the fact that this employee showed the land to his brother and discouraged another buyer and the fact that the terms of the two associate judges would expire in eleven days are all matters for consideration. We hold that the county court acted beyond the reasonable limits of the discretion and judgment vested in it and that the fraud charged was sufficiently established. Proof of actual fraud on the part of Blanche Campbell was not required. See, Conrad v. Diehl, supra; Citizens Bank of Festus v. Frazier, 352 Mo. 367, 177 S. W. (2d) 478, 480. The county was not estopped by the acceptance of the bond and mortgage, which were given as a part of the original transaction, and both were ordered cancelled by the decree. Nor was plaintiff estopped by the receipt of taxes and interest, which were offered to be returned and were offset against rents by the decree.

█ Appellants further contend the judgment is erroneous because the court failed to allow interest on the money expended for interest and taxes and because there was no evidence that defendants had received any rents. The court found that defendants had expended $110.56 for taxes and $42.31 for interest. The taxes and $21.00 of interest were paid on February 4, 1943, and this suit was instituted on February 8, 1943. Interest in the sum of $21.31 was paid to the county treasurer March 24, 1942, but there was no showing that this fact was known to the county court. The court below found the benefits from rent equal to the taxes and interest paid by the defendants. The judgment was entered October 8, 1943. No rent had actually been received prior to that date because, under their oral agreement with the county, the defendants did not go into possssion until the Kellys died, although they were entitled to possession under their deed. Plaintiff's evidence fixed the rental value for 1941, 1942, and 1943, at from $3.00 to $5.00 per acre per year and defendants' evidence showed $75.00 per year. █ We think the weight of the evidence shows the value of the rents, for which defendants should account, exceeds the amount of the taxes and interest paid by defendants, together with any interest due thereon, but plaintiff as respondent only asks an affirmance of the judgment. The assignment is overruled.

Appellants have assigned other errors which have been considered and found to be without merit.

The judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinion by DALTON, C., is adopted as the opinion of the court. All the judges concur.