Dear Mr. Baker:
Your recent request for an official opinion reads as follows:
 "Does the County Court of a third class county have the power to give three ambulances purchased with Revenue Sharings funds with assistance from the Emergency Medical Services of Missouri to the Dunklin County Ambulance District, an ambulance district formed under Sections 190.005 et seq RSMo. with the consent of the Division of Health?
 "In any event, is it necessary that notice of the gift or sale be published and bids invited?"
It is our opinion that the first part of your question, namely, may the county court make a gift of the ambulances to the ambulance district, may be answered with reference to previous opinions of this office.
On May 12, 1952, this office rendered an opinion to Roger Hibbard, Prosecuting Attorney for Marion County, copy enclosed. In that opinion we held that the County Court of Marion County had no authority to contribute county funds to aid in the construction of a sewer system for the City of Hannibal, Missouri. Also, on July 8, 1954, this office rendered an opinion to Dick B. Dale, Prosecuting Attorney of Ray County, copy enclosed, in which this office held that the County Court of Ray County had no authority to make donations to the City of Richmond for a city park. Further, on March 27, 1957, this office rendered an opinion in which we held that the County Court of Howell County may not contribute county funds to the City of West Plains to erect a city hospital, copy enclosed.
The rationale set forth in the above opinions is that a county court has only such authority as is expressly granted to it by statute and there is no statutory authority for making any of the gifts involved. Likewise, there exists no statutory authority that empowers the county courts to donate ambulances to an ambulance district.
Concerning your question of whether or not the court has the power to sell its ambulances, it is our opinion that it does have this power. Under Section 49.270, RSMo 1969, the county court has the power:
 ". . . to sell and cause to be conveyed any real estate, goods or chattels belonging to the county, appropriating the proceeds of such sale to the use of the same, . . ."
Thus, clearly, the court has the power to sell its ambulances.
Regarding your question as to whether or not bids must be taken for the sale of these ambulances, it is our opinion that bids are not legally required. Presumably, if the legislature had intended to require competitive bidding procedures in this situation, it would have provided therefor. Angel v. Behnke,337 N.E.2d 503, 511 (Ind.App. 1975).
We would, however, point out that the county court is the trustee of county property with limited authority and in disposing of this property they are:
 ". . . required to act with reasonable skill and diligence, and to discharge their duties with that prudence, caution and attention which careful men usually exercise in the management of their own affairs. . . ." Butler County, Mo. v. Campbell, 182 S.W.2d 589, 592 (Mo. 1944).
Thus, in dealing with county property, the county court must exercise the utmost good faith, fidelity and integrity. They must use their best judgment and skill and do everything reasonably within their power to obtain the best price for that property.Malcom v. Webb, 86 S.E.2d 489 (Ga. 1955). On August 14, 1948, this office rendered an opinion to Marvin C. Hopper, copy enclosed, in which we held that the County Court of Linn County could not give a bridge to a road district of another county nor sell it for nominal consideration, but was obliged to get the best price for the bridge. Likewise, the county is obliged to get the best price for the ambulances.
It must be further added that it is this office's understanding that the county court paid 34.7% of the cost of the ambulances while the Missouri Division of Health paid the rest of the cost and that the county court may transfer title to the ambulances only with the concurrence of the Division of Health. If this concurrence is granted by the Division, then it is our opinion that the ambulances may be sold to the ambulance district so that 34.7% of their fair market value at the time of transfer of title is received by the county.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enclosures: Op. No. 40, 5-12-52, Hibbard
 Op. No. 21, 7-8-54, Dale
 Op. No. 63, 3-27-57, Moore
 Op. No. 42, 8-19-48, Hopper