The Honorable Jim Sears Representative, District 1 State Capitol Building Jefferson City, Missouri 65101
Dear Representative Sears:
This opinion responds to your question asking whether §50.660, RSMo Supp. 1995, applies to ambulance districts.
Section 50.660 sets forth competitive bidding procedures applicable to counties. It provides in pertinent part that:
 All contracts shall be executed in the name of the county by . . . . No contract or order imposing any financial obligation on the county is binding on the county unless . . . . All contracts and purchases shall be let to the lowest and best bidder after due opportunity for competition, including advertising the proposed letting in a newspaper in the county with a circulation of at least five hundred copies per issue, if there is one, except that the advertising is not required in case of contracts or purchases involving an expenditure of less than three thousand dollars. It is not necessary to obtain bids on any purchase in the amount of one thousand dollars or less made from any one person, firm or corporation during any period of ninety days . . . . Contracts which provide that the person contracting with the county shall . . . . In case of such contract, no financial obligation accrues against the county
until . . . . [Emphasis added.]
The restrictions imposed under § 50.660 apply to contracts and purchases made by counties. An ambulance district, organized under chapter 190, RSMo, is itself a political subdivision of the state, § 190.010.2, RSMo 1994, distinct from county government and subject to the authority and limitations contained in chapter 190, RSMo. It is vested with independent authority to purchase both real and personal property. Section 190.060.1(2), RSMo 1994. The "Ambulance District Law," §§ 190.005-190.085, RSMo, however, neither adopts the language of § 50.660 nor contains a requirement similar to the competitive bidding requirement applicable to counties. We, therefore, conclude that ambulance districts are not subject to the competitive bidding requirements of §50.660.
The conduct of ambulance district directors related to the letting of contracts and expending of public funds is nevertheless subject to certain fiduciary obligations. Public funds are trust funds and public officers, such as ambulance district directors, are entrusted with their expenditure. City ofSt. Louis v. Whitley, 283 S.W.2d 490, 493 (Mo. 1955). See alsoFulton v. City of Lockwood, 269 S.W.2d 1, 7 (Mo. 1954) ("Public officials act in regard to public funds in a trust capacity as servants of the public"). A public official is bound by the same measure of good faith "required of an ordinary trustee towards his cestui que trust, or an agent towards his principal." ButlerCounty v. Campbell, 353 Mo. 413, 419, 182 S.W.2d 589, 592 (Mo. 1944). In exercising their duties, public officials "are required to act with reasonable skill and diligence, and to discharge their duties with that prudence, caution and attention which careful men usually exercise in the management of their own affairs." Id.
Thus, in making purchases on behalf of an ambulance district, the directors must exercise the utmost good faith, fidelity and integrity. They must employ their best judgment and skill and perform everything reasonably within their power to limit the district's liabilities and safeguard the funds entrusted to their care. It is left to each district to devise their own procedures to achieve this result.
CONCLUSION
It is the opinion of this office that § 50.660, RSMo Supp. 1995, does not impose competitive bidding requirements on ambulance districts; however, the fiduciary role of public officers requires that ambulance district directors follow
purchasing procedures which reflect prudence, caution and attention in the management of the public assets under their control.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General